THE STATE v. BROWN ET AL.

1. **Criminal Law**: SEPARATE OFFENSES: STATE MUST ELECT. Where two persons are jointly indicted for rape, and the evidence shows that the acts of the defendants were separate, and constituted two distinct and independent transactions or offenses, so that an acquittal as to one could not be pleaded in bar as to the other, the State, on proper motion, should be required to elect upon which transaction it will proceed.

*Appeal from Des Moines District Court.*

SATURDAY, APRIL 22.

THE defendants were jointly indicted for the crime of rape, committed upon one Ellen McNamee. They were jointly tried, and were severally found guilty of the crime of assault, and fined one-hundred dollars. The defendants appeal.

*Hammack, Howard & Virgin* and *D. N. Sprague,* for appellants.

*Smith McPherson, Attorney-general,* for the State.

DAY, J.—The testimony introduced on the part of the prosecution tends to establish the following facts: On the evening of May 30th, 1880, the defendants, together in a buggy, with a led horse, came near the house of one Cuck Kelly. At that time, Ellen McNamee and John Kelly, a youth of about sixteen years of age, were coming south, in the direction of Cuck

Kelly's house. The defendant, Darbyshire, asked the defendant, Brown, for the buggy to take Ellen McNamee buggy riding. Brown consented. Brown took the led horse and went with Cuck Kelly to the house. Darbyshire took the buggy and went back, and met the prosecutrix and John Kelly. Darbyshire asked the prosecutrix to take a buggy ride, and said he wanted to take her to a dance. She said she would not ride with him, but would walk with him to the house. Defendant got John Kelly to hold his horse, and he got out of the buggy. She put her arms around Kelly's neck, and the defendant pulled her away. Defendant got John Kelly to drive the buggy back, and he and the prosecutrix walked along together. They went south till they came close to a branch or slough, and there, the prosecutrix testifies, the defendant had intercourse with her. When they left there, she testifies he pulled her along to a straw stack, not far distant, and there had intercourse with her again. The defendant, Brown, remained at the house of Kelly about five minutes, and then rode on the led horse in the direction that Darbyshire had gone. He met John Kelly returning with the buggy, and got in the buggy and came back with him. In a few minutes he drove the buggy with the led horse back, and hitched them in a ravine near the straw stack. About the time that Darbyshire was leaving the straw stack, the prosecutrix saw Brown near it. She went around the straw stack and started across a rye field toward home, followed by the defendant Brown. As she was about to climb a fence he seized her and dragged her back, and had intercourse with her near the fence. At this time Darbyshire was driving away in the buggy. The prosecutrix testifies that she hallooed, and that these several acts were committed forcibly, and without her consent, and notwithstanding her resistance. The testimony on behalf of the prosecution being closed, the defendants asked "that the State be required to elect whether it seeks to connect these defendants, or either of them, with the transaction, or act, occurring at the straw pile, and

immediately contiguous thereto, in which it claims Frank Darbyshire carnally knew the prosecutrix, or the transaction at or near the fence near Aspergreen's, in which it accuses the defendant, George Brown, of having had carnal knowledge of prosecutrix, for that the whole record discloses the acts and transactions to be different and independent transactions." The State resisted this application upon the ground that the evidence discloses but one transaction, constituting but one offense. The court denied the application. If it should be conceded that the defendants were conspirators, so that each was accessory to, and responsible for, the acts of the other, still the evidence of the prosecution tends to establish two distinct offenses. If the defendants were so connected with all that was done, that each is responsible for the act of the other, each was a principal in one act, and an accessory in the other. The acts of violence of the defendant Darbyshire and of the defendant Brown cannot be so blended together as to constitute but one transaction. Could an acquittal of the defendants, on account of what occurred at the straw stack, be pleaded in bar of a prosecution for what occurred in the field? Manifestly, it seems to us, it could not be so pleaded. If it could not be so pleaded, the transactions constitute distinct offenses. The court, we think, should have required the State to elect on which transaction it would proceed. In refusing to do so, and putting the defendants upon trial for two distinct offenses, there was error.

REVERSED.