Filed Dec. 22, 1887.

---

No. 14,041.

## LEBKOVITZ v. THE STATE.

CRIMINAL LAW.—*Intoxicating Liquor.*—*Proof of Two Sales on Same Day.*— *Election by Prosecutor.*—*Practice* --In a prosecution for the unlawful sale of intoxicating liquor on the 4th day of July,—a single sale being charged—where the evidence shows two or more sales on that day, the prosecuting attorney must, when so requested, elect as to which sale the State will rely upon for a conviction.

From the Marion Criminal Court.

*R. O. Hawkins, P. Norton* and *J. E. Florea,* for appellant. *L. T. Michener,* Attorney General, *J. L. Mitchell,* Prosecuting Attorney, and *J. H. Gillett,* for the State.

ZOLLARS, J.—In the indictment, of one count, appellant is charged with having sold intoxicating liquors on the 4th day of July, to be drunk as a beverage, in violation of the statute. R. S. 1881, section 2098.

The prosecuting witness having testified that he purchased intoxicating liquors of appellant on the morning of the 4th day of July, giving the particulars, the State, over

appellant's objection, was allowed to introduce the further testimony of that witness to prove that he also purchased of appellant intoxicating liquors on the afternoon of the same day. Both after the proof of the sale in the morning, and after the State had rested its case, appellant moved that the State should be compelled to elect upon which sale it would rely for a conviction.

The court overruled the motions and declined to order an election on the part of the State.

These rulings can not be sustained without departing from established precedents and settled rules of practice.

As we have stated, appellant is charged with a single violation of the statute—with a single offence. The purpose of written pleadings is to inform the opposite party, in a definite and certain manner, of what he is to meet. And it is a universal principle of practice that the opposite party is called upon to meet only what is charged against him. He can not be charged in a pleading with one wrong or offence, and be convicted upon the evidence of a different wrong or offence. Nor can he be charged with a single wrong or offence, and be convicted upon the evidence of additional wrongs and offences, although of the same sort and grade.

Under the indictment here, the State had the right to convict appellant for selling intoxicating liquors on the 4th day of July, if the evidence warranted such a conviction, but it could not have the right to charge him with a single offence, and convict him of the offence so charged, and of an additional offence, although of the same sort and grade.

The sales of intoxicating liquors in the morning and afternoon, although upon the same day, were just as separate and distinct offences as if the sales had been upon different days. Upon principle, it can make no difference whether the sales were in the morning and afternoon of the same day, or at 11:30 P. M. of one day, and 12:30 A. M. of the succeeding day. In either event, each sale is a violation of the statute, if prohibited, and a separate and distinct offence. Nor can

it make any difference whether the crime charged is a violation of the liquor law, or an assault and battery, or like offence.

Here the State introduced testimony to establish two violations of the liquor law—two separate and distinct offences—and the question is, whether or not, after that was done, appellant, by an election on the part of the State, had a right to be informed as to which sale it would rely upon for a conviction.

The general rule applicable in such cases was laid down in the case of *Long* v. *State*, 56 Ind. 182 (26 Am. R. 19), as follows : " We understand the rule to be, that, when, in a case like this, a single sale only is charged in the indictment, and the evidence shows that there have been several sales of the same kind, made within the period of time covered by the indictment, the prosecuting attorney should be required, when requested so to do, to elect which sale the State will insist upon for a conviction, before the defendant is called upon for his defence."

In the case of *Richardson* v. *State*, 63 Ind. 192, the defendant was charged with a single assault and battery. The evidence showed that there were two assaults and batteries near the same time, yet so far separated as to constitute separate offences. In the decision of the case on appeal this court, per WORDEN, J., said : " There was but a single charge of assault and battery ; and the question arises whether, upon such charge, the State may give evidence of several offences, and then select one upon which to rely for a conviction, and abandon the others. We are of the opinion that this can not be legally done. When the State gave evidence of the first assault and battery, she elected to try him for that offence, and she could not afterward abandon the election thus made, and put in evidence of another offence."

Evidence of the two sales having been adduced under the rulings of the trial court, appellant's conviction would be a bar to any further conviction for either sale. *Brinkman* v. *State,*

57 Ind. 76. But that consideration does not alone determine the right of the accused to have an election on the part of the State.

It is not of much consequence to appellant that he can not be again convicted for the sale charged, and those which the State claims to have established by the evidence. His claim is that he ought not to be convicted at all. If, as he claims, he is innocent of the charge made against him, and has been convicted by improper methods, it is not enough to say to him that if the present conviction is allowed to stand he can not be again convicted for the same thing.

Aside from the consideration that the judgment of conviction may be a bar to another prosecution, there are other reasons for requiring an election by the State in proper cases, which are more important to the accused. One is, that, when he is charged with a single offence, he should not be called upon to meet a number of charges made by the evidence, not knowing upon which the State will rely for a conviction. He might be able to meet and overthrow each charge if separately presented, and yet be unable to meet, to the satisfaction of the jury, a number of charges brought forward together, and of which he has had no forewarning, and hence no opportunity of preparing a defence.

When he is charged with a single offence, he has a right to demand that the single question, as to whether or not he is guilty of that offence, shall be presented to the jury so that, if convicted, he may know that the whole jury agreed to his conviction of the offence charged. Where one offence is charged, and the State is allowed to rely upon two offences, in support of which it adduced evidence, there is no knowing upon which he was really convicted, or whether the whole jury agreed upon his guilt as to either one. In a case like this, six of the jury may have thought that the accused was guilty of having sold intoxicating liquors in the morning, and not guilty of having sold in the afternoon. The other six may have thought that he was guilty of hav-

ing sold in the afternoon, and not in the morning. The result would be that they would all agree that he was guilty, without agreeing that he was guilty of any one particular offence. Or suppose that, instead of bringing forward evidence to establish the fact of two sales to the prosecuting witness, the State had brought forward evidence to show that appellant had made twelve sales to him upon the same day, and yet so separated in time as to constitute distinct and separate violations of the statute. In that case, it is possible that one juror might be convinced that he was guilty of some one particular sale and of none other. And thus each juror might be convinced that he was guilty of some particular sale, and all agree to a conviction, and yet no two jurors be agreed upon any one sale.

Without extending this opinion, we are satisfied that the State should have been put to an election as to the sale upon which it would rely for a conviction, and that the judgment must be reversed because of the court's ruling in declining to order such an election. As fully sustaining our conclusion, we cite the following authorities: Wharton Crim. Ev., section 104; *Commonwealth* v. *Dean*, 109 Mass. 349; *Hughes* v. *State*, 35 Ala. 351; *Goodhue* v. *People*, 94 Ill. 37; *Commonwealth* v. *Elwell*, 1 Gray, 463; *State* v. *Crimmins*, 31 Kan. 376; *People* v. *Sweeney*, 22 N. W. R. 50; *Simms* v. *State*, 10 Texas App. 131; *People* v. *Jenness*, 5 Mich. 305; *Kannon* v. *State*, 10 Lea (Tenn.) 386; *State* v. *Brown*, 58 Iowa, 298.

Other questions are discussed by counsel, but as they may not arise upon a re-trial of the cause they need not be here noticed.

Judgment reversed.

Filed Dec. 8, 1887.

### ON PETITION FOR A REHEARING. ·

ELLIOTT, J.—A petition for a rehearing has been filed, and the questions presented by it elaborately argued by the attorney general, and, while we have no doubt at all that our former opinion is right, we have thought it best to again discuss some of the questions presented by the record.

We understand it to be an elementary principle that "A single instance of selling constitutes the offence, and a person may commit any number of offences in a single day or as to one purchaser." Bishop Statutory Crimes, section 1016.

The offence of selling on a day forbidden by law is complete when one sale is proved. This, we suppose, no lawyer nor any thinking man will deny, since the rule does not depend upon precedent, but upon reason. As each sale is a complete and distinct offence, no man can be prosecuted under an indictment charging one offence of more than one illegal sale. This conclusion rests on reason as well as authority. The plainest principles of natural justice require that an accused. charged with a single crime shall know the specific offence alleged against him, and not be confronted with evidence of more than one offence where, as here, only one is charged. If the State desires. to prosecute for two illegal sales, or for twenty illegal sales, made on one day and to one person, the way is open and the procedure plain, but the way is not to prove two separate offences where only a single offence is charged.

Each sale of liquor on a forbidden day is as separate and distinct an offence as an assault and battery or as a larceny. If a man should strike another at ten o'clock in the forenoon and again assault him at one o'clock in the afternoon, would any one contend that the State could, under a single indictment, prove both offences? Or, if Lebkovitz had stolen from the prosecuting witness five bottles of wine in the forenoon and ten in the afternoon of the same day, would it be

seriously contended that both offences might be proved under an indictment charging only one ?

Liquor sellers are subject to the same laws as other law-breakers, and no power, save that of the sovereign power of the State, has the right to annul, alter or suspend those laws, and it is because they are bound by those laws that the courts and the officers of the commonwealth must enforce the laws as they are written. No court has the authority to make a law applicable to one class of offenders; but courts and officers must deal with all offenders as the law commands, yielding their own individual judgments to the supreme rule of the State.

We are not dealing with a case where the offences are so mingled that there can be no severance. No such case is at our bar. There were in this case two entirely distinct and disconnected offences—distinct in themselves and separated by a clear and perceptible interval of time. Where the offences are so blended that a separation is impracticable, a different rule obtains ; but here the offences are not blended, for a wide interval separates them, and there is not even a remote connection between them, save that they are members of the same general class and were committed on the same day. But while members of one general class, they are independent and distinct.

Time does not constitute an element of the offence, further than that the offence consists in selling on a forbidden day. Each sale on that day stands as one complete offence, subjecting the offender to the punishment prescribed by law. Not a case can be found in the books that applies the legal fiction that there are no fractions of a day to offences such as that with which the appellant stands charged. The fiction was invented for an entirely different class of cases. It was said long since by Judge STORY that, " On the contrary, common sense and common justice equally sustain the propriety of allowing fractions of a day, whenever it will promote the purposes of substantial justice. Indeed, I know of no case,

where the doctrine of relation, which is a mere fiction of law, is allowed to prevail, unless it be in furtherance and protection of rights, *pro bono publico.*" *In the Matter of Richardson,* 2 Story Rep. 571; *Gibson* v. *Keyes,* 112 Ind. 568.

It is said in the brief of the attorney general that "We think that the inconvenience of the doctrine announced by the court will be severely felt, particularly in liquor cases, for it is doing what is not done in any other case, excluding from the jury all proof of the *res gestæ.*" In this statement there are several errors. We do not lay down a rule that will exclude evidence of the *res gestæ.* What we hold is, that where there are two distinct offences and only a single offence charged, the State must elect what one offence it will prosecute. Certainly, the *res gestæ* of a complete offence is not proved by establishing a disconnected and different offence. Argument can not make this proposition plainer. Our decision does not apply, nor does it profess to apply, to cases where severance is impracticable, for it was made in a case where the work of separating the offences was easy and where the duty of the prosecutor was plain. Nor do we lay down a rule for liquor cases not applicable to other cases; on the contrary, we adjudge that the same rule applies to all cases, and that it is the duty of public officers charged with the administration of justice to prosecute all offenders under the law as it comes from the law-making power. If it were true that the rule we announce will be "severely inconvenient," it would, nevertheless, be our duty to declare the law as it exists. But it is not true that the rule we sanction leads to inconvenience not existing in other than liquor cases, for it is true, without exception, that, where the offences are disconnected and distinct, proof of two offences can not be made where one only is charged. In all such cases, whatever be the class, the State must elect on what one offence a conviction will be asked. If we had ruled otherwise than we have done, we should defeat the leading and conspicuous

purpose of the law, which is, to punish the liquor seller for each illegal sale. By the command of our Constitution, no man can be put in jeopardy twice for the same offence, and if many offences were tried under one indictment there would be a jeopardy on them all. It is easy to see what evil consequences would flow from such a rule as the State contends for, and how effectually it would shield guilty men and thus thwart the plain purpose of the law. If many sales to the same man on the same day constitute, as the position of the prosecution tacitly assumes, one offence, then the offender may sell all day long to the same person and incur no greater penalty than if he made only a single sale. The law never intended such a result.

Petition overruled.

Filed Dec. 30, 1887.