No. 294.

## SQUIRES ET AL. *v.* THE STATE.

APPELLATE COURT.—*Weight of Evidence.*—The Appellate Court will not reverse a judgment, either in a civil or criminal case, where there is evidence which fairly supports the finding of the court or verdict of the jury on every material point.

CRIMINAL LAW.—*Distinct Offences.*—*Election by the State.*--Where a prosecution is upon a single count, and two entirely distinct and disconnected offences are proven, the State must elect which offence it will prosecute. But a motion by the defendant requiring the State to elect, made when it is only beginning to be disclosed whether more than one distinct offence of the kind charged has been committed by the defendant, is premature.

From the Blackford Circuit Court.

*J. L. Custer, W. Stevenson, G. W. Harvey* and *A. De Wolf,* for appellants.

*A. G. Smith,* Attorney General, for the State.

NEW, C. J.—This is a prosecution by affidavit and information, in one count, against the appellants, upon a charge of violating an act, approved March 11th, 1889, to prevent teaming and hauling over turnpikes and gravel roads at certain times and seasons of the year. Elliott's Supp., section 351.

The prosecution was commenced in the Grant Circuit Court, and the venue changed to the Blackford Circuit Court upon application of the appellants.

The appellants were all convicted upon a trial by jury, and appeal to this court, assigning as error that the court erred in overruling their motion for a new trial.

Of the grounds named for a new trial those discussed are, that the verdict of the jury is not sustained by sufficient evidence, and that the court erred in overruling the motion of the appellants that the prosecuting attorney be required to elect the particular load for the hauling of which the State would seek to convict.

In a criminal case before a conviction can be justified, guilt must be satisfactorily shown. If there be a reasonable doubt, the accused must be acquitted. This is a rule to be enforced by the trial court. In this court a judgment will not be reversed, either in a civil or criminal case, where there is evidence which fairly supports the finding of the court or verdict of the jury on every material point. *Delhaney* v. *State*, 115 Ind. 499, and cases cited.

We think there was evidence introduced which, with the facts agreed upon, tended to sustain the verdict upon all points necessary to be established by the prosecution.

The court did not err, in our opinion, in refusing to require the State to elect at that point in the progress of the trial where the motion was made.

An examination of the cases in other States, where this question has arisen, will show that the practice has been by no means uniform as to how long the State will be permitted to examine its witnesses before being required, upon the motion of the accused, to select some transaction to which the future evidence will be confined.

One rule is to have the election made at the commencement of the case ; or, if not, to hold the prosecutor to have elected the first transaction which his evidence tended to prove. Another is, not to require an election until all the evidence on the part of the State is in.

In the case of *Richardson* v. *State*, 63 Ind. 192, which was a prosecution for a single assault and battery, the State made proof of an assault and battery committed by the defendant on the person of the injured party, and afterwards introduced evidence of a subsequent, but distinct and separate assault and battery, perpetrated by the appellant upon the same person. To the latter evidence the defendant objected, on the ground that the State, having given evidence of the first assault and battery, had thereby elected to put him upon trial for that offence, and, therefore, should not be allowed to make proof of a subsequent assault and battery. The

objection was overruled, and the evidence admitted by the lower court. This was held to be error. The Supreme Court say : " There was but a single charge of assault and battery ; and the question arises whether, upon such charge, the State may give evidence of several offences, and then select one upon which to rely for a conviction, and abandon the others. We are of opinion that this can not be legally done. When the State gave evidence of the first assault and battery, she elected to try him for that offence, and she could not afterward abandon the election thus made, and put in evidence of another offence."

In *Long* v. *State*, 56 Ind. 182, which was a prosecution in a single count for retailing without license, it was said : " We understand the rule to be, that, when, in a case like this, a single sale only is charged in the indictment, and the evidence shows that there have been several sales of the same kind, made within the period of time covered by the indictment, the prosecuting attorney shall be required, when requested so to do, to elect which sale the State will insist upon for a conviction, before the defendant is called upon for his defence."

The rule announced in this case was adhered to in the case of *Lebkovitz* v. *State*, 113 Ind. 26. It is there held that where the prosecution is upon a single count, and two entirely distinct and disconnected offences—distinct in themselves and separated by a clear and perceptible interval of time—are proven, the State must elect which offence it will prosecute ; that two separate offences can not be prosecuted when only one is charged.

The rule thus declared is, we think, fair to both the State and the defendant. An election can not well be made until it is shown that two or more distinct offences have probably been committed, but when that does appear, the State from that time on should, if requested by the defendant, be confined to one transaction.

This rule will prevent undue advantage from being taken

Squires *et al. v*. The State.

of the State, and will prevent prejudice to the defendant, in the eyes of the jury, by bringing against him testimony tending to show crimes for which he is not indicted, and to which therefore he is not to answer.

But if an election is asked before it is indicated by the evidence that the accused has committed, within the period of time covered by the indictment, more than one distinct and separate offence of the kind charged, then the prosecutor should not be required to elect.

So long, in other words, as the presiding judge is in much doubt whether the commission of more than one offence by the defendant of the class charged is indicated by the evidence, or where the offences are so mingled and blended together that a separation is impracticable, an election should not be required.

Applying these rules to the case at bar, the motion by the appellants that the State be required to elect was made too soon.

We have examined the evidence closely, with a view to the proper solution of this question, and have reached the conclusion that the court did not err in overruling this motion. At the time when the motion to elect was made it was only beginning to be disclosed whether more than one distinct offence of the kind charged had been committed jointly by all the defendants. We think the prosecuting attorney was entitled to proceed somewhat further with the evidence for the State before being required to elect.

The judgment is affirmed, with costs.

Filed Oct. 16, 1891; petition for a rehearing overruled Nov. 14, 1891.