## BARTLOW v. STATE OF INDIANA.

[No. 22,666.    Filed June 18, 1915.]

1. CRIMINAL LAW.—*Review.*—*Refusal of Instructions.*—Defendant in a criminal prosecution can not complain of the refusal to give an instruction requested by him, where it appears that the request was not made until after the argument was begun.    p. 399.

2. RAPE.—*Time of Commission of Offense.*—*Instructions.*—The time of the commission of the crime of rape is not of the essence of the offense, hence there was no error in the giving of an instruction on the material allegations to be proven to sustain the charge, which omitted the date of the crime,· and especially where the law as to proof of time was included in another instruction.    p. 399.

3. RAPE.—*Time of Commission of Offense.*—*Instructions.*—In a prosecution for rape where the prosecuting witness fixed the date of the alleged offense and also testified that defendant had committed the act at various times subsequent to that date, defendant can not complain of an instruction stating that it was sufficient to show that the offense, if any was committed, was committed within five years prior to the filing of the affidavit, in the absence of a motion to require the State to elect on which particular act, as shown by the evidence, it would rely for conviction.    p. 400.

4. RAPE.—*Repitition of Offense.*—*Election by State.*—Where the prosecuting witness in a rape case testifies to more than one commission of the crime by defendant, the court must, if requested by defendant, require the State to elect on which particular act it will rely for conviction.    p. 400.

5. CRIMINAL LAW.—*Review.*—*Instructions.*—An instruction that a reasonable doubt which entitles the accused to an acquittal is a doubt of guilt reasonably arising from all the evidence in the case, that the proof should be deemed beyond a reasonable doubt when the evidence is sufficient to impress the judgment of ordinarily prudent men with a conviction on which they would act in their own important concerns and affairs of life, and that a doubt, in order to justify acquittal, must be reasonable and arise from a careful and candid consideration of all the evidence, correctly stated the law as far as it went.    p. 401.

6. CRIMINAL LAW.—*Review.*—*Instructions.*—Error can not be predicated on the giving of an instruction on reasonable doubt which stated the law correctly as far as it went, in the absence of a request for a more complete instruction and a denial of such request resulting in harm to defandant.    p. 401.

From Knox Circuit Court; *Benjamin M. Willoughby,* Judge.

Prosecution by the State of Indiana against Claude Bartlow. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Edward Richardson, A. H. Taylor, LeRoy M. Wade,* and *A. J. Padgett,* for appellant.

*Thomas' M. Honan,* Attorney-General, and *Edwin Corr,* for the State.

ERWIN, J.—Appellant was convicted of the crime of rape, committed upon the person of a female under sixteen years of age, and appeals to this court, assigning as error the overruling of his motion for a new trial.

Appellant in his brief relies on four alleged errors, (1) the giving of instruction No. 3, (2) the giving of instruction No. 5, (3) the giving of instruction No. 7, (4) the refusal of the court to give instruction No. 1 tendered by appellant.

Appellant is not in a position to complain of the court's refusal to give instruction No. 1, tendered by him, for the reason that he did not tender the instruction or request that the same be given until after the argument of the case had begun. Subd. 6, §2136 Burns 1914, Acts 1909 p. 257; *Masterson* v. *State* (1896), 144 Ind. 240, 43 N. E. 138; *Musser* v. *State* (1901), 157 Ind. 423, 61 N. E. 1; *Starr* v. *State* (1903), 160 Ind. 661, 67 N. E. 527.

Instruction No. 3 given by the court is as follows: "The material allegations of the affidavit are that the defendant did unlawfully and feloniously ravish one Janie Fair, and that said Janie Fair was at the time a female child under sixteen years of age, and that said offense was committed in Knox County, in the State of Indiana." It is contended by appellant that the instruction is erroneous for the reason that the court should have also included in the statement of the material allegations to be proven, the date upon which the alleged crime was committed. The

time when the crime was committed is not of the essence of the offense, and if the statute of limitation was not sufficiently stated in this instruction, the law as to the proof of time was included in instruction No. 5 of which appellant also complains.

Instruction No. 5 reads as follows: "In this case the affidavit alleges that the offense was committed on the 22d day of December, 1911, the court instructs you that 3. it is not necessary to prove the exact date on which said offense was committed, but it is sufficient to show that the offense, if any was committed, was committed within five years prior to the filing of the affidavit against said defendant, and it must be shown that the offense, if any, was committed in Knox County, in the State of Indiana."

Complaint is made of this instruction on the grounds that as the prosecuting witness fixed the time of the alleged offense at December 22, 1911, that the State is bound by that date. The witness fixed that date it is true, but also testified that at various other times subsequent to that date, appellant had had intercourse with her, all of which were within the statute of limitations.

This instruction fully covers the question of proof required as to the time when the offense was committed.

If appellant desired to confine the State to any particular act or date, he should have moved the court to require the State to elect on which particular act, as shown by the evidence, it relied for conviction. The court's re- 4. fusal to require the State to so elect would have been error. *Lebkovitz* v. *State* (1887), 113 Ind. 26, 14 N. E. 363, 597; *Squires* v. *State* (1891), 3 Ind. App. 114, 116, 28 N. E. 708, 22 Cyc. 407; *State* v. *King* (1902), 117 Iowa 484, 91 N. W. 768; 23 Cyc. 279; *Long* v. *State* (1877), 56 Ind. 182, 26 Am. Rep. 19.

In the case of *State* v. *Brown* (1882), 58 Iowa 298, 12 N. W. 318, two persons were jointly indicted for the crime of rape, and the evidence showed two separate assaults, one

act was committed by one defendant in the absence of the other, and another act was committed subsequently in another place by the other defendant, without assistance. It was held that the prosecutor should elect upon which particular act the state would proceed. *In State* v. *King, supra,* a prosecution for rape, proof of the repetition of the act was admitted, and it was there held that it was error not to compel the State to elect on which offense it would rely. In *Long* v. *State, supra,* the testimony disclosed several sales of liquor within the period fixed by the statute of limitation, but no motion was made by defendant to require the State to elect on which particular sale it relied for conviction and this court held, by Niblack, J., that the court properly refused an instruction that the State was bound by a particular time. In this case no motion was made asking that the State be required to elect on which particular date it relied for conviction, hence no question is presented either as to instruction No. 3, or No. 5, given by the court, nor as to the instruction tendered by appellant.

Instruction No. 7 of which appellant complains is as follows: "The jury are instructed that a reasonable doubt which entitles the accused to an acquittal is a doubt of guilt reasonably arising from all the evidence in the case. The proof should be deemed beyond a reasonable doubt when the evidence is sufficient to impress the judgment of ordinary prudent men with a conviction on which they would act in their own important concerns and affairs of life. A doubt, in order to justify an acquittal, must be reasonable and arise from a careful and candid consideration of all the evidence in the case." This instruction states the law as far as it went, but, if appellant desired that the jury should be given a more complete, exact and broader instruction on the subject of reasonable doubt, he should have tendered one and requested that the same be given by the court, and then if

the court refused to give the same and its refusal harmed the appellant it would have been reversible error. *Corn* v. *State* (1912), 177 Ind. 158, 97 N. E. 421.

No reversible error being shown, the judgment is affirmed.

NOTE.—Reported in 109 N. E. 201. As to whàt is reasonable doubt and instructions on the question, see 48 Am. St. 566; 11 Ann. Cas. 433, 1019; 21 Ann. Cas. 564. See, also, under (1) 12 Cyc. 662; (2) 12 Cyc. 615; (3, 4) 22 Cyc. 406; 33 Cyc. 1500; (5) 12 Cyc. 623; (6) 12 Cyc. 661.