## FLATTERS v. STATE OF INDIANA.

[No. 23,668. Filed April 20, 1920.]

1. CRIMINAL LAW.—*Keeping Gaming House.—Instructions.*—In a prosecution for keeping a room for gaming in violation of §2466 Burns 1914, Acts 1905 p. 584, §557, an instruction that the defendant need not be the owner of the room and predicating guilt upon keeping it for the purpose of gaming, though incomplete, was not erroneous on the grounds of indefiniteness and uncertainty where its meaning was made clear by other instructions. p. 288.

2. CRIMINAL LAW.—*Specific Instructions.—Necessity of Request.*— Where, in a prosecution for keeping a room for gaming. the court on its own motion, gave instructions which fully and fairly stated the law as applied to the evidence, the defendant, if he desired more specific instructions, should have prepared, signed and tendered such instructions in writing as required by §2137, cl. 6, Burns 1914, Acts 1909 p. 257. p. 291.

3. GAMING.—*Keeping Place.—Instructions.*—In a prosecution for unlawfully keeping a room to be used for gaming, where the uncontradicted evidence showed that the defendant was in

charge of the room for five months prior to the return of the indictment, and had conducted a gambling business therein, any instruction as to ownership or proprietorship of the room or building, or as to ownership of its contents, would have been improper. p. 292.

From Delaware Circuit Court; *Luther F. Pence,* Special Judge.

Prosecution by the State of Indiana against Luther Flatters. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Gene Williams,* for appellant.

*Ele Stansbury,* Attorney-General, and *A. B. Cronk,* for the state.

WILLOUGHBY, J.—The appellant was convicted by a jury upon an indictment charging that about August 1, 1918, at and in the county of Delaware, State of Indiana, he did then and there unlawfully keep a room in a certain building to be used and occupied for gaming in violation of §2466 Burns 1914, Acts 1905 p. 584, §557. Judgment was rendered upon the verdict of guilty, and from such judgment the appellant appeals, and assigns as error that the court erred in overruling appellant's motion for a new trial.

Under that assignment of errors the only allegation of error not waived by appellant is that 1. the court erred in giving instruction No. 5, which is as follows: ''It is not necessary or essential to the defendant's conviction that he was owner of the room or the proprietor of any of the contents thereof. If the defendant kept the room in controversy at the time and place alleged in the indictment, unlawfully to be and occupied for the

purposes of gaming as alleged and charged in said indictment, then he was guilty of violation of the statute which I have read to you, regardless of what other relations, if any, he may have sustained to said room and regardless of who may have been the proprietor thereof.''

Appellant says that this instruction is so indefinite and uncertain as to leave the jury in doubt. This instruction does not contain any erroneous statement of law. It may be conceded that it is incomplete, but, when considered in connection with instruction No. 4 and instruction No. 6, there can be no doubt about its meaning.

Instruction No. 4 is as follows: ''If it has been proven to the satisfaction of the jury beyond a reasonable doubt that at a time within two years prior to the return of the indictment herein and the commencement of this prosecution against him that the defendant was the keeper of a room within the county of Delaware, and State of Indiana, to be used and occupied for the unlawful purpose of gaming and that as keeper of such room, he invited, suffered, allowed and permitted persons to visit and frequent the same, and while there to play poker, faro, roulette, shoot craps, or indulge in other games of chance, and to gamble, bet, wager and win and lose money on the result of such games, then your verdict should be that the defendant is guilty.''

Instruction No. 6 is as follows: ''In determining whether or not the defendant was the keeper of the room involved in this prosecution the jury have the right to take into consideration whether the defendant had possession of such room, if shown by the evi-

dence, whether he had or did not have the control
and management thereof, the business, if any, carried
on and conducted therein, what, if anything, the de-
fendant did toward the control and management of
such business, whether gambling and gaming devices
were kept and operated in the room, and if so, whether
the same were used and operated for the purpose
of gaming, and if they were, what, if anything, the
defendant did in the matter of conducting the same,
together with all the other evidence and circum-
stances proven which will aid you in determining the
question of whether the defendant was in fact the
keeper of said room. And if you are convinced be-
yond a reasonable doubt that he was, and that he un-
lawfully kept the same to be used and occupied for
gaming as alleged and charged in the indictment, then
your verdict should be that the defendant is guilty.
But if you have a reasonable doubt as to whether or
not the defendant was in fact the keeper of said room,
then your verdict should be that he is not guilty, no
difference what other relation he may have sustained
to said room or the business conducted therein, and
no difference what gambling may have occurred in
such room or who participated therein.''

Appellant, citing the fifth clause of §2136 Burns
1914, Acts 1909 p. 257, says that in charging the jury
the court must state to them all matters of law which
are necessary for their information in giving their
verdict. He also refers to §2137 Burns 1914, Acts
1905 p. 584, §261, and says that this section requires
that the jury be instructed upon the subject of reason-
able doubt. He also claims that this instruction No.
5 should have defined the words ''owner'' and ''pro-

prietor,'' and that the instructions should have covered all questions raised by the evidence, and that it was error to refuse to give special requested instructions correctly declaring the law applicable to the facts claimed to be proved; that an instruction should be given upon the subject of presumption of innocence. The sixth clause of §2136 Burns 1914, *supra,* provides that, if the prosecuting attorney, defendant, or his counsel desire special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party, or his attorney, asking for them, and delivered to the court before the commencement of the argument.

In the instant case the court, of its own motion, gave eleven instructions, calling the attention of the jury to the material allegations of the indictment, and setting out a copy of the statute upon which the prosecution was founded, and gave full instructions upon the subject of reasonable doubt and the presumption of innocence of the defendant, and told the jury that they were the exclusive judges of the weight of the evidence and credibility of the witnesses, and that they had a right to determine the law, and told the jury that, in weighing and construing the evidence, it was their duty to reconcile it all with the theory and presumption of defendant's innocence, if they could consistently do so. They were also told that they should not consider the indictment as evidence of any fact therein charged. These instructions, as given, fully and fairly gave to the jury the law as applied to the evidence in the case, and, if the defendant desired more specific instructions upon any part of the case, or wished the court to give any special instructions declaring

the law applicable to the facts claimed to be proved, it was the defendant's duty to reduce such instructions to writing, sign them, and tender them to the court before the beginning of the argument with the request that they be given. *Bartlow* v. *State* (1915), 183 Ind. 398, 109 N. E. 201. It appears from the record in this case that the defendant did not request any instructions.

The appellant was charged with unlawfully keeping a room to be used and occupied for gaming. The uncontradicted evidence shows that the appel-

3.  lant for a period of five months prior to the finding of this indictment was in charge of the room described in such indictment; that he did manage, conduct and carry on a business of gambling in the room. In view of the charge in the indictment and the undisputed evidence in this case, any instruction upon the subject of ownership or proprietorship of said room or building, or the ownership of the contents of said room, would have been improper.

No error appearing in the record, the judgment is affirmed.