### JOHNSON v. STATE OF INDIANA.

[No. 23,744. Filed November 9, 1920.]

1. INDICTMENT AND INFORMATION.—*Rape.—Proof.—Time.*—Time is not of the essence of the offense of rape and the state is not bound by the time fixed in the indictment. p. 600.
2. CRIMINAL LAW.—*Rape.—Election by State When More Than One Offense Shown.*—When there is a single offense of rape charged, and upon the trial several offenses of the same kind are shown, the state may be required to elect on which offense it will rely for a conviction. p. 600.
3. CRIMINAL LAW.—*Rape.—Election by State.—Defendant Not Harmed.*—On a trial for rape of a female child, charged as occurring on or before June 1, 1917, the defendant was not harmed by a refusal by the court to require the state to elect more specifically by giving the exact date of the offense relied on for conviction, where the evidence disclosed numerous acts prior to the day named, but also showed an act on or about such day upon which it was obvious that the state relied for a conviction, and where the court by instruction limited the state to an offense on or about that date, such election being simply that the state "elected to stand on the particular offense as charged in the indictment." p. 600.

From La Porte Circuit Court; *James F. Gallaher*, Judge.

Prosecution by the State of Indiana against John Johnson. From a judgment of conviction, the defendant appeals. *Affirmed.*

*H. W. Worden,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

MYERS., C. J.—Appellant was convicted of rape on a female child under the age of sixteen years, and sentenced to pay a fine and imprisonment in the Indiana State Prison.

Appellant was a bachelor and lived alone on a farm when the prosecutrix, then about twelve years of age, entered his home where she continued to live as the only female about the premises until the year 1919, and until her sister, who was about two years her senior, and lived in Michigan, started certain activities which resulted in the indictment, conviction and judgment from which this appeal was taken.

The record before us discloses evidence given on behalf of the state tending to prove numerous acts of sexual intercourse by appellant with the prosecuting witness prior to June 1, 1917. The time of the offense as charged in the indictment is "on or before the 1st day of June, 1917." At the close of the state's evidence appellant moved the court to require the state to elect on which offense a conviction would be asked. This motion was sustained by the court, and thereupon the state "elected to stand on the particular offense as charged in the indictment." Appellant then moved the court to require the state "to elect more specifically by giving the exact date of the offense relied upon by it for conviction." This motion was overruled. Appellant challenges the last ruling of the court, and asks that the judgment be reversed.

Appellant contends that the purported election by the state was in fact no election, for the reason that, under the wording of the indictment, any of the of-

fenses mentioned in the evidence as having occurred within five years next before the filing of the indictment would answer as "the particular offense as charged in the indictment."

The court in substance instructed the jury that the state had elected to rest this prosecution on the specific offense set out in the indictment. It is therefore "incumbent upon the state to satisfy your mind beyond a reasonable doubt that an act of intercourse took place on or about the 1st day of June, 1917, and you cannot base your verdict on any act of intercourse which took place at any other time, such other acts being admitted in evidence only for the purpose of showing the relations which may have existed between these parties."

Evidence was introduced tending to prove that appellant had sexual intercourse with the prosecuting witness two or three times a week for a period of three years prior to June 1, 1917. No specific date is fixed when any of these acts took place, except that on direct examination the prosecuting witness testified that one of these acts occurred in the early part of June, 1917; that she became pregnant at that time and was delivered of a child on February 22, 1918. On cross-examination she fixed the date of this particular intercourse as June 1, 1917. From the entire evidence before the jury, and we have read all of it, it is obvious that the state relied for a conviction on the offense of the date when the child was begotten. Also, from the instruction to which we have referred, it is evident that the court endeavored to submit the case to the jury on the act indicated by the evidence as constituting the offense charged.

Time is not the essence of the offense of rape, and

the state is not bound by the time fixed in the indict-
ment. *Bartlow* v. *State* (1915), 183 Ind. 398,
1.    109 N. E. 201. However, when there is a single
offense charged, as here, and upon the trial
other offenses of the same kind are shown, the
2.    state may be required to elect on which offense
it will rely for a conviction. *Lebkovitz* v. *State*
(1887), 113 Ind. 26, 14 N. E. 363, 597. Appellant was
entitled to know in a definite and certain manner of
what he was to meet. As said in the case last cited:
"He cannot be charged in a pleading with one wrong
or offense, and be convicted upon the evidence of a
different wrong or offense. Nor can he be charged
with a single wrong or offense, and be convicted upon
the evidence of additional wrongs and offenses, al-
though of the same sort and grade."

While the circumstances of this case with reference
to the day and time of day when the offense was com-
mitted for which a conviction was asked are
3.    somewhat exceptional, yet the charge and the
election on the part of the state were sufficiently
definite to inform appellant of the offense he was
called upon to meet. Another reason for the rule
requiring the state to elect is to confine the jury to
the consideration of the particular offense charged,
and to prevent the possibility of the jurors becoming
confused as to the offense for which the defendant is
being tried, for the conclusion of each juror must be
as to the single offense stated in the pleading, and not
on other offenses developed by the evidence.

Upon a careful review of this case we are convinced
that an ordinarily intelligent jury would understand
the exact issue they were called upon to try, and that
the rights of appellant were not jeopardized because

of the failure of the court to require the state to point out the exact day and time of day the offense in this case was committed. We therefore conclude that the ruling of which appellant complains was not harmful to him.

Judgment affirmed.