SHORT *v.* STATE OF INDIANA.

[No. 30,985. Filed May 29, 1968.]

*John M. Heeter,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by affidavit with Commission of Robbery While Armed. Following the trial by jury he was convicted and sentenced to a term of twenty years in the Indiana State Reformatory. From such conviction stems this appeal.

The affidavit on which appellant was tried, omitting formal parts thereof, reads as follows:

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came HARTWELL JARVIS who, being duly sworn, upon his oath says that MENLOW JOHN SHORT on or about the 19th day of FEBRUARY, A. D. 1963, at and in the County of Marion in the State of Indiana, being then and there over the age of sixteen (16) years, did then and there unlawfully, feloni-

ously, forcibly by violence and by putting ROBERT SLORP d/b/a SLORP'S PHARMACY, in fear with a firearm, to-wit: A 7.65 CALIBER BRETTA AUTOMATIC PISTOL, did then and there take from the person and possession of the said ROBERT SLORP d/b/a SLORP'S PHARMACY, money then and there of the value of ONE HUNDRED FORTY EIGHT DOLLARS ($148.00), in lawful money, said money being then and there the property of ROBERT SLORP d/b/a SLORP'S PHARMACY, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Appellant waived arraignment and entered a plea of not guilty.

Trial was had by jury which returned its verdict as follows:

"We, the Jury, find the defendant Menlow John Short guilty of Commission of Robbery While Armed as charged in the Affidavit and that he be imprisoned for a period of twenty (20) years.

And we further find that his age is twenty nine (29) years."

After pre-sentence investigation the court imposed sentence as follows:

"On a finding of guilty as charged by a Jury Court now sentences Deft. true age 29 years to the Ind. State Reformatory for a determinate period of 20 yrs and costs."

Thereafter appellant filed his Motion for a New Trial, which is too voluminous to set forth in detail, but in essence the grounds therefore may be grouped in the following four categories:

1. Irregularity in proceedings and orders of court and abuse of discretion by the court thereby depriving the defendant of a fair trial.

2. Errors of law occurring at trial.

3. The verdict of the jury is contrary to law.

4. The verdict of the jury is not sustained by sufficient evidence.

The Motion for New Trial was filed October 25, 1965, and was overruled on March 16, 1966.

Appellant's Assignment of Errors, omitting formal parts, reads as follows:

"Comes now the Appellant and avers that there is manifest error in the judgment and proceedings in this case, which is prejudicial to Appellant, in this:

(1) That the Court erred in overruling the Appellant's Motion for New Trial.

WHEREFORE, Appellant requests that this cause be reversed and for all other relief right and proper in the premises."

Appellant contends in his brief that the court erred in admitting into evidence his admission made after the arrest because the police did not advise him he had a right to remain silent. In support of his contention he cites *Escobedo* v. *Illinois* (1964), 378 U. S. 478, 12 L. ed. 2d 977, 84 S. Ct. 1758, and *Miranda* v. *Arizona* (1966), 384 U. S. 436, 16 L. ed. 2d 694, 86 S. Ct. 1602.

*Escobedo* only holds that if during police interrogation the defendant requests and does not get counsel, then any statement made cannot be used against him.

*Miranda* is not in point as it is not applicable to cases tried prior to June 13, 1966. See: *Johnson* v. *New Jersey* (1966), 384 U. S. 719, 16 L. ed. 2d 882, 86 S. Ct. 1772.

In the case at bar the trial occurred on September 27, 1965.

Appellant contends the court erred in overruling his motion for a mistrial. On cross examination Officer Jarvis, a State's witness, testified as follows:

"Q. There wasn't any different charge ever filed against this man [defendant] other than Robbery While Armed, was there?

A. A new affidavit was filed after he jumped bond for extradition purposes."

In *Greenwalt* v. *State* (1965), 246 Ind. 608, 620, 209 N. E. 2d 254, 260, this Court stated as follows:

> "It is within the sound discretion of the court to determine if legal necessity exists for the discharge of the jury."

Since appellant has not alleged or shown an abuse of discretion by the court, we find no error here. Furthermore, the trial court instructed the jury to disregard the officer's answer. In 53 Am. Jur., *Trial* § 999, it is stated as follows:

> "Error in the admission of evidence which can be cured by instructing the jury to disregard it does not necessitate the discharge of the jury in a criminal prosecution."

On the question of the admission of State's Exhibit 7 appellant claims error. The witness Phillips, who admitted the robbery, testified as a witness for appellant and testified on direct examination that *appellant was not* with him at the time. On cross examination the State introduced its Exhibit No. 7, which was a written statement of Phillips stating *appellant was with him* at the time of the robbery.

Where evidence is received over accused's objection, accused cannot on appeal urge for first time other or different objections. In *Gernhart* v. *State* (1954), 233 Ind. 470, 473, 120 N. E. 2d 265, this Court stated as follows:

> " 'In the trial court, appellant made no objection on the ground which he now asserts and relies upon, to the evidence which was offered and received. A party who objects to the admission of evidence must state or point out to the trial court with reasonable certainty the specific grounds of his objection, and, when such grounds are stated, the implication is that there are not others, or, if others, that they are waived. *Howard* v. *State* (1921), 191 Ind. 232, 242, 131 N. E. 403; *Bass* v. *State* (1894), 136 Ind. 165, 36 N. E. 124. If the evidence is received over such objection, an appellant cannot, in the court of appeal, urge, for the first time, other or different objections, . . .' "

At the time said Exhibit No. 7 was offered in evidence, appellant objected on the grounds that "it brings into a collateral matter the signing of these exhibits, or statements, or whatever they purport to be, for one reason. Secondly, they are not signed in the presence, and are not made in the presence of this defendant. And third, they are seeking to do by indirection something they cannot do here by way of impeachment," and for the further reason that "the record is barren as to how that purported exhibit was obtained from the witness, whether voluntary or involuntary."

Since appellant did not specifically raise the question of improper foundation in the trial court, he cannot do so now on appeal.

Appellant contends his instruction No. 22 should have been given and predicates error on the court's refusal to give the same.

Appellant cites *Escobedo* and *Miranda* as authority to support his contention the instruction should have been given. As previously pointed out herein *Escobedo* and *Miranda* ■ do not apply to the case at bar. Appellant has cited no other authority in support of his instruction No. 22. In *Hutton* v. *State* (1965), 246 Ind. 589, 207 N. E. 816, this Court held that if no authority is cited for a proposition, the alleged error is waived.

At point five of his brief appellant urges that the court erred in refusing to give an instruction regarding a lesser included offense. The matter purports to be raised by the affidavit of appellant's trial counsel, William C. Erbecker. Such affidavit, omitting formal parts, reads as follows:

"William C. Erbecker, being duly sworn upon his oath, deposes and says:

That he is now and was at the time of the trial of the above defendant in the above entitled cause, the Attorney for the defendant, Menlow John Short, and that at the time of instructing the jury, he was present and he heard Phillip Melangton, Deputy Prosecutor trying said cause for the State of Indiana, request permission to approach the

bench and said Melangton in the presence of William C. Erbecker in an audibly whispered conversation, asked the Honorable Eugene Fife, the Honorable Judge trying said cause, in substance if he, the Honorable Judge Fife, would give an instruction on Robbery among his other instructions and furthermore, your affiant heard said Melangton say in substance that Robbery was a lesser included offense than Armed Robbery and that it should be included in the instructions then being given by the Honorable Eugene Fife, Jr., sole presiding and sole Judge of this Honorable Court.

Your affiant further says that the Honorable Eugene Fife declined to give said orally requested, orally tendered instruction of Robbery as so requested by Phillip Melangton, Deputy Prosecutor, and thus the defendant herein was refused and was deprived of an instruction of the lesser included offense of Robbery since Robbery is a lesser included offense of Armed Robbery."

It is our opinion that the manner in which the request was made was inadequate and insufficient as the appellant seeks to take advantage of an alleged refusal of the court to act on the request allegedly made by the State. We are of the opinion that the duty to request such an instruction, in writing, developed upon the defendant. If he wished such an instruction he should have tendered it, failing to tender such an instruction, in writing, waived the error, if any.

First of all, there is nothing in the records to show that appellant tendered such an instruction in writing. An instruction must be in writing and tendered to the court before the commencement of argument in order to be properly preserved for review. Acts 1905, ch. 169, § 260, p. 584, as amended, being § 9-1805 Burns' 1956 Repl. provides in part as follows:

"Sixth. If the prosecuting attorney, the defendant or his counsel desire special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party or his attorney asking them, and delivered to the court before the commencement of the argument."

In *Flatters* v. *State* (1920), 189 Ind. 287, 291, 292, 127 N. E. 5, this Court stated as follows:

> ". . . if the defendant desired more specific instructions upon any part of the case, or wished the court to give any special instructions declaring the law applicable to the facts claimed to be proven, it was the defendant's duty to reduce such instructions to writing, sign them, and tender them to the court before the beginning of the argument with the request that they be given. *Bartlow* v. *State* (1915), 183 Ind. 398, 109 N. E. 201. It appears from the record in this case that the defendant did not request any instructions."

In *Wiley* v. *State* (1929), 200 Ind. 572, 165 N. E. 313, this Court held that if the requested instruction is not signed it cannot be presented on appeal.

In the case at bar, since nothing in the records shows a written request for said instruction, appellant waives this question for this reason alone.

In *In re Sobieski* (1965), 246 Ind. 222, 204 N. E. 2d 353, this Court held that the trial court is not required to give an instruction on a lesser included offense unless requested to do so. Since appellant, in the case at bar, has not properly requested this type of instruction in the trial court, as above mentioned, he cannot raise this question on appeal.

There was at most an oral request for this instruction, and appellant attempts to show said oral request by attaching an affidavit to this effect to his Motion for New Trial. This affidavit is not proper because an affidavit cannot be used to support allegations of a fact which took place during the trial and in the presence of the court. *McCoy* v. *State* (1960), 241 Ind. 104, 170 N. E. 2d 43, 49.

All other issues raised in the Motion for New Trial have been waived by appellant's failure to discuss them in the argument section of his brief. Supreme Court Rule 2-17.

The judgment is affirmed.

Lewis, C. J., and Arterburn and Hunter, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d 258.