**Ray BEGLEY, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 780S196.

Supreme Court of Indiana.

Feb. 20, 1981.

Walter E. Bravard, Jr., Indianapolis, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee (plaintiff below).

HUNTER, Justice.

The defendant, Ray Begley, was convicted by a jury of voluntary manslaughter, a class B felony, Ind.Code § 35–42–1–3 (Burns 1979 Repl.), and was sentenced to fifteen years' imprisonment. His direct appeal raises the following issues:

1. Whether the trial court's exclusion of certain testimony about the victim's reputation was reversible error;

2. Whether the trial court's refusal to instruct the jury on self-defense was reversible error;

3. Whether the verdict was supported by substantial evidence; and

4. Whether defendant's right to an impartial jury trial was denied when he was tried by members of a regular jury panel who had already sat on numerous cases.

A summary of the facts most favorable to the state shows that the victim, Richard Terry, was killed with a shotgun in the afternoon of October 28, 1979. Defendant and Terry had a fist fight earlier that afternoon in the backyard of a friend's home. After defendant had been severely beaten and knocked to the ground, he said to Terry, "I'm going to kill you." Defendant returned with a gun in a short time and found Terry and some friends sitting on the front porch. Terry jumped up on the ledge of the porch when he saw defendant. Then defendant shot Terry once in the abdomen.

Defendant testified that he was afraid of Terry and that he expected Terry to run as soon as he saw the gun. He said he only intended to scare Terry and did not remember firing the gun. Other witnesses testified that Terry's reputation for violence was "very bad."

## I.

Defendant first contends that the exclusion of certain testimony about the victim's reputation was reversible error. First, he

argues that the court erred by excluding testimony from witnesses concerning specific acts of violence inflicted upon them by the victim. The witnesses were allowed to testify about the general reputation of the victim but not about specific acts of misconduct. The trial court ruled that the defense had not put on any evidence of self-defense and therefore such testimony was irrelevant and inadmissible. Defendant now argues that there was evidence of self-defense presented and that the testimony should not have been excluded.

It is well settled in Indiana that as a general rule the character of the deceased is not an issue in a trial for homicide, and evidence to show his general reputation as a dangerous and violent man is inadmissible. An exception to the general rule is the existence of the issue of self-defense. *Teague v. State* (1978) 269 Ind. 103, 379 N.E.2d 418; *Madison v. State* (1971) 256 Ind. 353, 269 N.E.2d 164. However, there should be appreciable evidence of the deceased's aggression substantiating the self-defense issue before such testimony is relevant and admissible. *Teague v. State, supra.*

In the instant case, the witnesses to the killing offered no evidence in support of a self-defense theory. One witness testified that defendant had threatened to kill the victim after the fist fight earlier in the afternoon. Defendant himself testified that his intention was to "scare" the victim. He testified that he thought the victim would run when he saw the gun and that he planned to shoot up in the air over the victim's head. He did not testify that he shot in self-defense, but rather that he didn't intend to kill anyone and didn't remember pointing the gun or pulling the trigger. Defendant said that he was afraid of the victim because of his bad reputation for violence. He knew he would have to do something or the fights would keep happening again.

Defendant now argues that the fact that the victim jumped up on the ledge of the porch was evidence which would support his theory of self-defense. However, there is no other evidence in the record to support this theory. There is no evidence that the victim was armed in any way. Defendant's own testimony as well as the other evidence supports the conclusion that defendant had the gun in order to scare the victim, not to protect himself.

After defendant had testified, the trial court agreed to allow further testimony as to the general character of the victim since the state had not objected to defendant's testimony about his character. However, the court would not allow testimony of specific acts of misconduct of the victim, as there was no evidence of self-defense which would support such testimony. We find no error in the trial court's refusal of this testimony as we agree that under the facts shown by the record there was not sufficient evidence of self-defense presented to support such testimony. *Teague v. State, supra.*

Defendant further alleges that the trial court erroneously refused to permit a state's witness to be cross-examined as to the victim's reputation for violence. We find no error here since this witness testified before the defendant had testified about the victim's character, and as discussed above there was no basis for the admission of reputation evidence at that time.

Defendant also alleges that it was error for the court to refuse to allow this witness to testify about the reason a certain van was parked at the rear of the property where the shooting occurred. The court found that this testimony would be irrelevant and therefore denied it. Rulings of a trial court on the relevancy of evidence are accorded wide latitude. *Brames v. State* (1980) Ind., 406 N.E.2d 252; *Williams v. State* (1979) Ind., 387 N.E.2d 1317. Since there was no foundation establishing any connection of the van with the instant crime, we find no abuse of discretion by the trial court in its ruling.

## II.

Defendant next contends that it was reversible error for the trial court to refuse

to give the jury an instruction on self-defense. This argument must fail for two reasons. First, defendant did not tender any written instruction on self-defense. It is well settled that failure to tender an instruction in writing waives the error, if any, of not giving the requested instruction. *Miller v. State* (1978) 267 Ind. 635, 372 N.E.2d 1168; *Short v. State* (1968) 250 Ind. 459, 237 N.E.2d 258.

■ Furthermore, as discussed under Issue I, above, there was no evidence in the record to support the theory of self-defense. It is error for the trial court to instruct the jury upon principles of law not applicable to the evidence and not involved in the case. *McDonald v. State* (1975) 264 Ind. 477, 346 N.E.2d 569. We find no error here.

### III.

Defendant next contends that there was insufficient evidence to support the jury's verdict of guilty of voluntary manslaughter. We have consistently held that this Court does not reweigh the evidence or judge the credibility of witnesses and will consider only that evidence most favorable to the state and all reasonable inferences drawn therefrom. When there is substantial evidence of probative value to support each element of the offense, the verdict of the jury will not be disturbed. *Wofford v. State* (1979) Ind., 394 N.E.2d 100; *Poindexter v. State* (1978) 268 Ind. 167, 374 N.E.2d 509.

■ In this case, the defendant was charged with murder. The evidence shows that defendant threatened to kill the victim after defendant had been beaten up in a fist fight. On this same afternoon, defendant got a shotgun and returned to the house where the victim was sitting on the porch. Defendant fired the gun into the victim's chest from a distance of two or three feet. Although defendant testified that he was afraid of the victim, there was no other evidence to support a theory that defendant had to shoot the victim in self-defense. The evidence was sufficient to support the jury's verdict that defendant killed the victim knowingly and intentionally.

■ Since both murder and voluntary manslaughter can be proved by evidence of the knowing or intentional killing of another human being, the rule is well established that the jury has the right to find defendant guilty of voluntary manslaughter as a lesser included offense. *Hardin v. State* (1980) Ind., 404 N.E.2d 1354. State of mind may be established by the circumstances surrounding the killing and the method of killing. *Blood v. State* (1980) Ind., 398 N.E.2d 671. There was sufficient evidence in this case to support the conviction of voluntary manslaughter.

### IV.

Defendant finally contends that his right to an impartial jury trial was denied when he was tried by members of a regular jury panel who had already sat on numerous cases. He argues that an accused would have a superior chance of acquittal with a "virgin" jury rather than with jurors selected from the regular jury panel who had served on other cases. However, defendant made no objection to the panel of jurors at his trial and does not cite any authority in support of his theory.

A similar argument was refused by this Court in *Brown v. State* (1977) 266 Ind. 82, 360 N.E.2d 830, where we said:

"When a juror is summoned to present himself for jury duty, it is expected that he or she may serve on a jury in more than one case during his or her term of service. . . . The prior jury service of the jurors in this case would not, by itself, disqualify them from service in this case." *Id.* at 89.

■ Since defendant made no objection to the panel of jurors at the time of his trial and now offers no evidence other than an unsupported opinion that the panel was biased or prejudiced, we find no error here. We do not find any "blatant" or fundamental error which would deny defendant his due process rights and require us to go against the well established rule that a matter cannot be raised for the first time on appeal. *Webb v. State* (1972) 259 Ind. 101, 284 N.E.2d 812.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.