**Bonnie S. HOLDER, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

**No. 72A04–8910–CR–452.**

Court of Appeals of Indiana,
Fourth District.

Oct. 30, 1990.

Ralph E. Randall, Scott County Public Defender, Scottsburg, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Randall, Deputy Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

### Case Summary

Defendant/Appellant, Bonnie S. Holder, appeals her conviction of Voluntary Manslaughter, a class A felony. We reverse and remand for a new trial.

### Issues

Defendant raises eight (8) issues; however, because we reverse, we need address only one:

Whether the trial court erred when it refused to allow certain testimony concerning the victim's temperament.

### Facts

Shortly after midnight on October 19, 1988, Brian Todd Westmoreland (victim) arrived at the home of the Defendant. He knocked loudly on the door and repeatedly demanded that Defendant open the door and Denise Kniep (Defendant's daughter and mother of victim's child) come outside. An argument ensued between the victim and the Defendant, who wanted the victim to return the next day. Denise and Brian Kniep (Defendant's son) testified the victim struck both Denise and the Defendant. Denise received an abrasion of the neck with a bruise and swelling of her scalp in both the front and rear area. Defendant suffered from right facial and left upper arm bruising.

Several neighbors were awakened during the argument and called the police. One neighbor saw the victim and one of the women push and shove each other. Brian Kniep left during the argument to call the police; he was not present when the shot occurred. Defendant repeatedly asked the victim to leave. Defendant fired a shot from her .22 caliber pistol toward the victim. Defendant then fired the pistol again, striking the victim in the left side of the back; the victim then got into his pickup truck and slumped over. The shot penetrated the lower lobe of the victim's left lung, aorta and liver, causing victim's death. Victim had an blood alcohol content of .18 percent at the time of the altercation.

Other facts will be added as needed.

### Discussion and Decision

Defendant contends the trial court erred when it refused to allow the Defendant to elicit evidence concerning the victim's character.[1]

---

1. Prior to trial, State was granted a motion in limine which restricted submission of evidence on or reference to the victim's character, prior acts of misconduct or criminal record. Defendant intimates that the granting of this motion

"further shut the door on this line of questioning." The ruling on a motion in limine is not a final ruling on the admissibility of evidence, and thus, is not reviewable on appeal. *Akins v. State* (1981), Ind., 429 N.E.2d 232, 237.

Our Supreme Court has fully addressed this issue in *Phillips v. State* (1990), Ind., 550 N.E.2d 1290, 1297:

> Indiana's general rule prohibits proof of the character of the deceased. Where a self-defense claim is raised, however, there is an exception. Evidence of the victim's character is then admissible for two distinct purposes, and the type of proof that may be tendered is restricted by the purpose for which it is being offered. "Character" has been defined as 'a generalized description of a person's disposition, or of the disposition in respect to a general trait, such as honesty, temperance, or peacefulness,' and can be proved by evidence of specific conduct reflective of a particular character trait, by opinion testimony based on the witness's personal observations, or by testimony as to reputation generally. In this state, appreciable evidence of the victim's aggression substantiating the self-defense claim must be established before any character evidence may be relevant and admissible in a murder case. Evidence of specific bad acts by the victim is then admissible to show that the victim had a violent character and that the defendant had reason to fear the victim, but it is incumbent on the defendant to make a foundational showing that he had knowledge of those specific bad acts prior to the homicide before such evidence may be admitted. Character evidence is also admissible to show that the victim was the initial aggressor, but this may be proved only by general reputation evidence, not by evidence of specific bad acts.

(citations omitted); *see also, Begley v. State* (1981), 275 Ind. 235, 416 N.E.2d 824.

During direct examination of Denise Kniep, the following exchange occurred:

Q879 Did Todd have a temper?

*BY ROGER DUVALL* (Prosecutor): Objection, I don't think that is relevant.

*BY RALPH RANDALL* (Defense Counsel): Your honor it is certainly relevant to an altercation such as this, one of the elements here is whether my client acted under heat, one of the elements of self defense is whether my client was scared. *BY ROGER DUVALL:* And if he wishes to try and establish fear on the part of Bonnie Holder, your honor, he must do it through her and not another witness. *BY THE COURT:* I'll sustain the objection.

State, at trial and here, argued the testimony was irrelevant to the issue of Defendant's fear. Defendant, however, sought to establish the victim was the aggressor in this incident through character evidence.

Evidence of the victim's character was therefore admissible, as appreciable evidence of the victim's aggression had been admitted prior to the proffered testimony. *Phillips*, supra. One witness testified that victim's truck pulled up, that victim jumped from the truck and began beating on the door and yelling for Defendant to open the door. A second witness testified that the victim called Defendant a "bitch," that a struggle ensued, and the victim struck Defendant. All of this testimony was admitted, without objection, prior to Denise's testimony.

As no other evidence of victim's character was admitted into evidence, it was error for the trial court to sustain State's objection. Accordingly, we reverse and remand for a new trial.

CONOVER and STATON, JJ., concur.