**John L. NEWLAND, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1082 S 401.**

Supreme Court of Indiana.

Feb. 17, 1984.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant John L. Newland was convicted by a jury in the Jay Circuit Court of class D felony Attempted Escape, Ind.Code §§ 35-41-5-1 and 35-44-3-5 (Burns 1979), and class D felony Conspiracy to Commit Escape, Ind.Code §§ 35-41-5-2 and 35-44-3-5 (Burns 1979). The same jury also found Appellant to be a habitual offender according to Ind.Code § 35-50-2-8 (Burns Supp.1983). The trial court apparently merged the attempt and conspiracy convictions and accordingly sentenced Appellant to two years imprisonment on the conspiracy conviction. The trial court further ordered said sentence enhanced by thirty years for the habitual offender finding. Appellant now directly appeals and raises the following two issues for our review:

1. whether the trial court erred by allowing the six-person jury that convicted Appellant to make Appellant's habitual offender finding; and

2. whether the trial court erred by allowing the prosecutor to show select excerpts of a duly admitted videotape recording during his final argument.

The evidence shows that Appellant and Michael Williams were both incarcerated in the Jay County Jail during the later part of July, 1980. On June 26, Williams began participating in a work release program whereby he was allowed to leave the jail during the day to work. On July 1, Appellant approached Williams and asked Williams to smuggle some hacksaw blades into the jail when he returned from work. Williams reported Appellant's request to Sheriff Upp who indicated that the request standing alone was not enough in furtherance of any crime to take action upon. The next morning, Williams reported to Upp that Appellant had again approached him requesting hacksaw blades and had offered to pay him with some diamonds and jewelry secreted in Missouri. Sheriff Upp directed Williams to proceed according to Appellant's plan. Williams accordingly obtained three hacksaw blades during the day. When he returned to the jail, Sheriff Upp marked the blades. Williams subsequently entered the bullpen area of the jail and left the blades wrapped in a T-shirt on top of Appellant's bunk. There were cameras mounted throughout the jail which allowed Sheriff Upp to monitor and videotape Appellant and Williams from a central location. As soon as Upp saw Appellant go into his cell, he proceeded into the cell and found the marked hacksaw blades under some clothing on the floor beneath Appellant's bunk.

I

█ Appellant first contends that his right to fundamental due process was violated when the trial court allowed a six-person jury to adjudge him to be a habitual offender. He specifically maintains that a twelve-member jury is required to make habitual offender findings because the penalty involved is equivalent to the presumptive penalty for a class A felony conviction. Appellant's comparison is inapposite, however, since a habitual offender court merely provides for sentence enhancement and is not an additional charge. *Norris v. State,* (1979) 271 Ind. 568, 394 N.E.2d 144, *reh. denied.*

Appellant's trial commenced on October 13, 1981. Our criminal code regarding trial procedures and effective on that date provided for six-person juries in class D felony cases. Ind.Code § 35-1-30-1 (Burns Supp. 1981) [amendment effective September 1, 1981, repealed and replaced by Ind.Code § 35-37-1-1 (Burns Supp.1983) effective September 1, 1982]. A six-person jury previously was approved by the United States Supreme Court in *Williams v. Florida,* (1970) 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (robbery prosecution). In the instant case, Appellant was properly tried and convicted of class D felony attempted escape and class D felony conspiracy to commit escape by a six-member jury. The same six-person jury subsequently was reconvened by the trial court to determine whether or not Appellant was a habitual offender. This clearly was the proper pro-

cedure pursuant to Ind.Code § 35–50–2–8(c) (Burns Supp.1983):

"(c) If the person was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing; ...."

We have held:

"In the context of habitual offender proceedings, the jury serves no sentencing function. It merely determines, based upon the evidence adduced, whether or not the defendant is an habitual offender as that term is defined by the Statute."

*Owens v. State*, (1981) Ind., 427 N.E.2d 880, 886, *reh. denied* (1982). Since six-member juries are constitutional and since the trial court correctly followed the applicable statutes while conducting Appellant's bifurcated trial, we find no error.

## II

During the State's case-in-chief, a video-tape recording of Appellant's attempted escape from the Jay County Jail was admitted into evidence and was shown to the jury in its entirety. On appeal, Appellant alleges that the trial court erred by allowing the prosecutor to replay a selected portion of the tape as part of his final argument. Appellant maintains that the tape should have been shown in its entirety during final argument or not at all.

■ A videotape recording of an event which corroborates the testimony of a State's witness is relevant and admissible as evidence at trial. *Bennett v. State*, (1981) Ind., 423 N.E.2d 588. Moreover, exhibits which have been properly admitted into evidence may be shown to the jury by counsel during final argument. *Jenkins v. State*, (1975) 263 Ind. 589, 335 N.E.2d 215. It is well-settled that the conduct of final argument is within the sound discretion of the trial court. *Whitacre v. State*, (1980) Ind., 412 N.E.2d 1202. Absent an abuse of that discretion, the trial court's ruling regarding final argument will not be disturbed. *Scott v. State*, (1980) Ind., 413 N.E.2d 902.

■ In the instant case, the trial court gave Appellant the opportunity during his final argument to show any portion of the State's videotape recording which had been shown to the jury during the State's case-in-chief but which had not been shown during the State's final argument. Accordingly, the trial court clearly did not abuse its discretion by its conduct of final argument in Appellant's case.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.