James **CASTILE**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 1085 S 421.

Supreme Court of Indiana.

May 14, 1986.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of five counts, including Robbery, Attempted Robbery and Attempted Murder. His total sentences, which were ordered served consecutively, added up to one hundred fifty (150) years imprisonment.

The facts are: On the evening of May 28, 1984, several persons were attacked in Indianapolis by a gang of young men which included appellant. One of the victims, Owen Norris, attempted to flee from the gang at the time they were in the process of robbing him and was pursued by appellant, who was armed with a knife and fought with Norris. Norris identified appellant at the scene and at the trial. Greg Thomas was attacked and stabbed in the back. His injuries required hospitalization. Marvin Haliburton was attacked and bleach was thrown in his face. This was apparently bleach taken in the robbery of Norris. Eugene Huber, who was sixty-three years of age, was walking his dog when approached by the gang. Huber was battered repeatedly and stabbed nine times. He bled considerably and stitches were required to close his wounds. Huber's dog was also repeatedly stabbed. Roger Brown was robbed at knife point of his watch, clothes and other items. Brown identified appellant as the man holding the knife and the one who demanded his watch and other articles.

The following day appellant gave a statement to police officers in which he admitted the offenses. Appellant and three others were charged with the above offenses; however, shortly before trial, the co-defendants entered pleas of guilty leaving appellant to be tried alone. Appellant's counsel requested a continuance, which request was denied by the trial court after extensive examination of appellant during which he stated his desire to continue with the trial.

Appellant claims the trial court abused its discretion when it denied the motion for continuance filed by his trial counsel. Trial counsel stated to the court that he needed a continuance due to the recent development of the other defendants entering pleas of guilty, thus changing his strategy in defending appellant. At the outset, counsel observed that those entering pleas of guilty might be called as witnesses against his client; however, the State assured both counsel for appellant and the court that they would not use the co-defendants as witnesses. In fact the State filed a motion in limine to prevent appellant from referring to his co-defendants in any way or to the fact that they had entered pleas of guilty.

Continuance on a non-statutory ground is a discretionary matter with the trial court and as such may only be reversed on appeal for abuse of that discretion. *Yager v. State* (1982), Ind., 437 N.E.2d 454. Refusal of a continuance to enable counsel to prepare for trial is not reversible error where appellant's defense is not shown to be harmed. *Souerdike v. State* (1951), 230 Ind. 192, 102 N.E.2d 367.

In the case at bar we fail to see how appellant was harmed by the denial of the motion for continuance. The State made no reference during the trial to appellant's co-defendants nor were any of them called upon to testify. The witnesses who were called by the State were well-known to appellant's counsel long before the trial and all facts to which they testified were readily available to counsel prior to the trial. This, in view of appellant's persistence in his wish to go to trial in the face of a full explanation by the court and his

counsel, leads us to hold that the trial court did not err in denying counsel's motion for a continuance and acceding to appellant's wishes to proceed with the trial.

■ Appellant claims there was insufficient evidence to support his conviction of injuring Huber with a knife in the perpetration of a felony and for the crime of robbing Huber. Appellant claims there was no evidence that he was anywhere near Huber at the time of the assault. He bases this on the fact that Huber himself could not identify his assailant. Although Huber was unable to identify his attackers, there was an abundance of evidence before the jury from which they could make such a deduction.

Huber was attacked within a few minutes of similar attacks perpetrated on several other victims in the same neighborhood. The attack on Huber was perpetrated by a group of young men in the same manner as the other attacks. It was entirely reasonable for the jury to conclude that it was the same group of young men who had attacked Huber. The fact that one of them stabbed Huber is sufficient to prosecute any of them as a principal of the crime. *Hoskins v. State* (1982), Ind., 441 N.E.2d 419.

■ Appellant also challenged the Attempted Murder conviction on the ground that there was no showing that he intended to kill Huber. The fact that Huber was stabbed several times with a knife was sufficient evidence for the jury to deduct that the person so acting was deliberately using a deadly weapon in a manner reasonably calculated to produce death. *Wade v. State* (1985), Ind., 482 N.E.2d 704.

■ Appellant claims the evidence was wholly insufficient to sustain the jury's verdict concerning the conviction of his assault on Thomas. It is his position that Thomas was unable to testify as to who stabbed him. He also complains that the record is completely silent as to the extent of the wound suffered by Thomas. Although the record does not show the exact extent of the wound, it does show that the wound was severe enough to require hospitalization of Thomas. It also gives the location of the wound as the lower back. These two facts were sufficient to sustain the jury in its verdict of guilty of intent to murder. *Wade, supra.* As pointed out above, it is not necessary that appellant be identified as the individual who inflicted the wound on Thomas. It is only necessary that the jury have sufficient evidence to establish that he was one of the persons participating in the assault on Thomas at the time the wound was inflicted.

■ Appellant claims there is insufficient evidence to support the jury's verdict that appellant, while armed with a knife, committed a robbery upon the person of Brown. He argues there is no evidence that he was armed with a knife at the time Brown was attacked; however, the record discloses that Brown testified that appellant was armed with a knife and threatened him with it during the robbery. We therefore hold there was sufficient evidence to sustain the jury on this conviction.

The trial court is in all things affirmed.

All Justices concur.