**Val LAMOTTE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1285S508.**

Supreme Court of Indiana.

July 31, 1986.

730

John W. Forcum, Hartford City, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was found guilty by a jury of Attempted Murder, a Class A felony, and Battery with a Deadly Weapon, a Class C felony. The trial court found that the conviction of Battery merged with the conviction of Attempted Murder. Appellant was sentenced to a term of thirty (30) years with an additional ten (10) years for aggravating circumstances.

The facts are: On August 3, 1984, at about 12:30 a.m., Gary Clamme arrived at the Glorious East End Tavern in Hartford City. Clamme was invited by Sue Fear to join appellant and Vicky Crouse at a table. Clamme and appellant were strangers. Later that evening, Clamme agreed to give appellant, Crouse and Fear a ride. Clamme, Crouse and appellant walked outside and climbed into Clamme's truck. Fear was delayed talking to a friend. While they were waiting for Fear, Crouse's husband drove into the parking lot. Clamme, anticipating a disturbance, requested that Crouse and appellant get out of his truck. Crouse then left with her husband.

A few minutes later, Fear appeared in the parking lot. Appellant and Fear exchanged hostile words. Appellant continued to harass Fear after she climbed into Clamme's truck and locked the door. Clamme, thinking he might be attacked, displayed a holstered .38 caliber revolver to appellant and advised him to "back off." Appellant ran behind the truck and Clamme replaced the gun under the front seat. As Clamme proceeded to drive out of the parking lot, appellant thrust his pocketknife into the open driver's window and slashed Clamme across the neck and shoulder. After the attack, appellant fled the parking lot.

Appellant contends there was insufficient evidence to prove he committed the offense of Attempted Murder. He argues the State failed to prove beyond a reasonable doubt that he demonstrated the specific intent to commit murder because the injury inflicted upon Clamme was not fatal and did not result in a permanent physical impairment.

This Court will not weigh conflicting evidence nor judge the credibility of witnesses. *Eagan v. State* (1985), Ind., 480 N.E.2d 946.

The necessary intent to commit murder may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death. *Tunstall v. State* (1983), Ind., 451 N.E.2d 1077.

■ The fact that Clamme was slashed across the neck and shoulder with a pocketknife was sufficient evidence for the jury to deduct that appellant used a deadly weapon in a manner reasonably calculated to cause death.

Appellant argues there was insufficient evidence to negate his claim of self-defense.

To prevail on a self-defense claim, appellant must show: 1) he was in a place where he had a right to be; 2) he acted without fault; and 3) he had a reasonable fear or apprehension of death or great bodily harm. *Wade v. State* (1985), Ind., 482 N.E.2d 704. After a self-defense assertion is made, the State has the burden to controvert appellant's defense by disproving one of the aforementioned elements beyond a reasonable doubt.

■ The above evidence is ample to support the jury's finding that appellant was the aggressor.

Whether the State has disproved appellant's claim of self-defense is a question of fact for the jury. *Davis v. State* (1983), Ind., 456 N.E.2d 405. The jury must view the incident from appellant's point of view, but is not required to believe his story. *Feliciano v. State* (1985), Ind., 477 N.E.2d 86.

We conclude the State presented sufficient evidence to negate beyond a reasonable doubt at least one of the elements of appellant's self-defense claim.

Appellant also argues the trial court erred by failing to instruct the jury on Attempted Voluntary Manslaughter. As shown by the record, the trial court offered to tender an instruction on the lesser included offense of Attempted Voluntary Manslaughter. Appellant specifically declined the offer.

■ By failing to tender written instructions on Attempted Voluntary Manslaughter to the trial court, appellant has waived this contention on appeal. *Eagan, supra.* Moreover, the trial court's failure to give an instruction will not be presumed fatal unless the complaining party can show prejudice to substantial rights. *Stein v. Yung* (1985), Ind.App., 475 N.E.2d 52.

Appellant does not demonstrate any resulting prejudice and therefore presents no reversible error on this issue.

■ Appellant contends the informations were not properly filed in the court record. The minutes of the court do not contain a specific entry indicating that the charges were actually filed. Therefore, appellant argues, the judgment should be arrested.

An information, duly file-marked, is sufficient to give the court jurisdiction without an entry of such filing in the order book. *State v. Matthews* (1891), 129 Ind. 281, 28 N.E. 703.

As shown by the record, both informations exhibit a file-stamped date of August 6, 1984. Appellant does not allege that he was unaware of the charges or failed to receive a copy of the informations. In fact, the minute entries indicate that appellant was given a copy of the informations. We find appellant's argument is without merit.

Appellant next contends the trial court erred by allowing him to be tried for Battery with a Deadly Weapon.

In order to constitute reversible error, both an erroneous ruling and prejudice to the complaining party must be demonstrated. *Wagner v. State* (1985), Ind., 474 N.E.2d 476.

■ The trial court did not err by authorizing Battery to be changed to Battery with a Deadly Weapon. The trial court found that probable cause existed for the Battery charge. The Battery information clearly states commission by means of a deadly weapon. Moreover, appellant fails to demonstrate any prejudice. Appellant did not raise an objection at the probable cause hearing and he defended the charge of Battery with a Deadly Weapon at trial.

Appellant claims the trial court abused its discretion when it denied the motion for continuance filed by his trial counsel on the day of trial. Trial counsel stated to the court that a continuance was necessary because he was not properly notified of the trial date and was not prepared to represent appellant at trial.

The granting of a motion for continuance on a non-statutory ground lies within the sound discretion of the trial court. *Castile v. State* (1986), Ind., 492 N.E.2d 287. A denial of continuance will be set aside only where an abuse of that discretion is shown. *Crabtree v. State* (1984), Ind., 470 N.E.2d 725. Granting a continuance to allow more time for preparation is generally not favored without a showing of good cause. *Bryan v. State* (1982), Ind., 438 N.E.2d 709.

■ The trial court did not abuse its discretion by denying the motion for continuance. In his motion, appellant's counsel alleged he was unaware of the trial date within five days before the trial. However, the minute entry of October 8, 1984, indi-

cates that appellant and his counsel were present when the trial date was set for April 30, 1985. Appellant's counsel had ample time and opportunity to adequately prepare for trial. We fail to see how appellant was harmed by denial of his motion for continuance.

The State was allowed to introduce into evidence a videotape of the crime scene, depicting appellant's route of travel after the attack. Appellant objected to the admission of the videotape claiming it was not contemporaneously made and did not accurately portray the path appellant travelled. Appellant cites no authority for his position and does not demonstrate any resulting prejudice.

The admission of photographic evidence is generally within the discretion of the trial court and will not be disturbed unless an abuse of discretion is shown. *Brim v. State* (1984), Ind., 471 N.E.2d 672. Photographs of the crime scene are generally admissible because they are competent and relevant aids by which a jury can orient itself to best understand the evidence. *Thompson v. State* (1986), Ind., 492 N.E.2d 264. A videotape of an event which corroborates the testimony of a State's witness is relevant and admissible as evidence at trial. *Newland v. State* (1984), Ind., 459 N.E.2d 384.

The trial court did not abuse its discretion by admitting the videotape into evidence. It was not offered as a representation of the crime scene as it existed at the time of the attack. Moreover, appellant testified that he fled the crime scene and described the particular path travelled. The videotape did not contradict appellant's testimony. Appellant presents no reversible error on this issue.

The State was also allowed to introduce into evidence, over objection of appellant, a photographic slide depicting red spots on the parking lot pavement where the crime occurred. Appellant argues the slide was inadmissible because there was no competent testimony establishing that the red spots were Clamme's blood.

Photographs are generally admissible if a witness would be permitted to describe the objects or scenes depicted by the photograph. *Coleman v. State* (1984), Ind., 465 N.E.2d 1130.

The slide was introduced by the State merely to corroborate the testimony of both Clamme and Officer Hale. Clamme testified that after the attack, he leaned out of his truck and bled onto the pavement. Shortly after the crime, Officer Hale arrived at the scene and observed red spots on the pavement in the south end of the parking lot. He testified that the spots appeared to be blood.

The trial court did not abuse its discretion by admitting the photographic slide. The slide was relevant, both to aid the jury in visualizing the crime scene and in understanding the testimony of the witnesses.

Appellant challenges the final instruction on inferred intent. He argues there was no evidence from which a jury could have properly inferred he used a small pocketknife in a manner likely to cause Clamme's death. The injury inflicted upon Clamme was not fatal and did not constitute serious bodily injury.

Whether the victim sustained serious bodily injury is irrelevant. The necessary intent to commit murder is inferable from the deliberate use of a deadly weapon in a manner likely to cause death or great bodily harm. *Cole v. State* (1985), Ind., 475 N.E.2d 306.

We conclude the final instruction on inferred intent was a correct statement of the law.

Appellant contends the trial court allowed the State to engage in selective prosecution by not bringing charges against Clamme or Fear. Appellant's argument is spurious and without merit.

A prosecutor is vested with broad discretion in the performance of his or her duties. *Marbley v. State* (1984), Ind., 461 N.E.2d 1102. The determination as to who shall be prosecuted and who shall not be prosecuted lies within the sole discretion of the prosecuting attorney. *Neeley v. State*

(1983), Ind., 457 N.E.2d 532. If he fails to exercise his discretion honestly and impartially, the remedy is impeachment. *State ex rel. Spencer v. Criminal Court of Marion County* (1938), 214 Ind. 551, 15 N.E.2d 1020. This Court may not substitute its discretion for that of the prosecuting attorney.

Appellant next contends the trial court failed to consider possible mitigating circumstances when determining his sentence.

Mitigating circumstances are not a mandatory consideration in sentencing a criminal defendant. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. It is within the discretion of the trial court whether to consider possible mitigating circumstances and the weight they should be given. *Hicks v. State* (1985), Ind., 474 N.E.2d 987.

Appellant was convicted of Attempted Murder and sentenced to a term of thirty (30) years with an additional ten (10) years for aggravating circumstances. Considering the injuries inflicted upon Clamme and appellant's extensive criminal history, we find no abuse of the trial court's discretion.

Finally, appellant argues the judgment is contrary to law because he failed to receive a fair trial due to the foregoing errors. We find no error.

The trial court is in all things affirmed.

All Justices concur.