**Michael D. SCAMMAHORN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 685S261.

Supreme Court of Indiana.

May 6, 1987.

Terrance W. Richmond, Milan, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant for Attempted Murder, a Class A felony. The verdict of the jury was guilty but mentally ill. The trial judge sentenced appellant to a term of twenty (20) years.

The facts are: Prior to August 14, 1983, appellant had dated Carolyn Crowe, the victim's daughter. Following the birth of their child, Carolyn attempted to break off the relationship and only maintain a status of friendship for the sake of the child. As a result, appellant began harassing Carolyn.

In the early morning hours of August 14, as Carolyn was returning home from work, she was confronted by appellant, who was holding a gun. When she screamed, he told her to keep her mouth shut or he would blow her brains out. He instructed her to enter the house without waking her parents or "they would get it too." As they entered the house, Carolyn saw her father, Frank Crowe, standing near the hall. Carolyn ran past her father screaming that appellant had a gun and was going to kill her.

When her father inquired of appellant what he was doing there, he raised the gun and fired. Crowe immediately began struggling with appellant. During the struggle, either two or three more shots were fired. Eventually Crowe was successful in wresting the gun from appellant and held him until police arrived to arrest him. Crowe suffered a gunshot wound to the right eyebrow, and another bullet penetrated his arm and lodged in his back.

Appellant invoked a defense of insanity. Two doctors testified that appellant was suffering from the early stages of Huntington's disease, that he probably lacked the ability to conform his conduct to the law and that he probably suffered from delusions at the time of the incident. A third doctor testified that, although appellant was in fact suffering from the early stages of Huntington's disease, he believed appellant to be legally sane at the time of the occurrence.

Appellant claims the trial court erred when it admitted testimony of State's witnesses concerning evidence of other purported criminal acts by appellant. Appellant takes the position that these prior acts

were improper because they were perpetrated against Carolyn and not her father, who was the victim in this case.

■ However, appellant misses the point on this issue. The evidence clearly discloses the primary assault in this case was perpetrated against Carolyn. Upon confronting Carolyn outside her home, appellant was armed with a gun and threatened to kill her. He also threatened to injure members of her family if they were awakened. There is no question but what Carolyn remained the primary target of appellant's assault and that Frank Crowe became his target only when he attempted to defend his daughter from appellant's assault. Thus appellant's past conduct toward Carolyn and his prior assaults upon her were properly accepted in evidence. *Harris v. State* (1981), Ind., 425 N.E.2d 112.

■ Appellant alleges there is insufficient evidence for the jury to find him guilty of attempted murder. He claims there is a lack of proof of intent to kill. Intent may be inferred from the use of a deadly weapon in a manner likely to cause injury or death. *Lamotte v. State* (1986), Ind., 495 N.E.2d 729.

■ Appellant claims the trial court erred in declining to properly consider a suspension of sentence because of the evidence of his mental disability. If we consider for the sake of argument that the fact appellant was suffering from the early stages of Huntington's disease is a mitigating factor, the court was nevertheless not required to reduce or suspend the sentence for that reason. *Perry v. State* (1983), Ind., 447 N.E.2d 599.

■ The fact that the jury found appellant to be guilty but mentally ill did not require special treatment as far as sentencing was concerned. The court was required to sentence appellant in the same manner as any other defendant found guilty of the offense. Ind. Code § 35–36–2–5(a).

The sentence imposed by the trial court follows the case law and statutory law of Indiana and was entirely proper.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.