Ronald HALBIG, Appellant,

v.

STATE of Indiana, Appellee.

No. 82S00–8708–CR–763.

Supreme Court of Indiana.

July 5, 1988.

David W. Lamont, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Attempted Murder, a Class A felony, for which he received a sentence of twenty (20) years.

The facts are: Approximately one and one-half years before appellant's arrest, he began dating and living with Sarah Frakes. During that time, their relationship was frequently disharmonious, and on occasion, the friction erupted into violence.

Eventually, appellant moved out of Frakes' apartment but they continued to see each other. Frakes began dating Kenny Leach about a month after appellant moved out of her apartment.

On August 1, 1986, Frakes and Leach went out to dinner with another couple. They returned to Frakes' apartment around midnight. As they were sitting on the couch watching television, appellant walked out of the bedroom and asked what was going on. Frakes and Leach told appellant that they were dating now, and he had no right to be in her apartment. Appellant replied that it was his apartment and ordered everyone to leave, which they did.

The next morning Frakes and Leach returned to the apartment to find that it had been ransacked. Appellant later admitted that he ransacked it because he was upset. Frakes and Leach spent the day looking for a new apartment.

At about 4:30 that afternoon, Frakes returned to her ransacked apartment with Leach and his friend, Kenny Dover. As they walked up the stairs to her apartment door, appellant came out of the apartment with a gun in his hand. As Leach and Dover began walking back down the stairs, appellant fired a shot down the stairway. Leach fell down the stairs and appellant walked down a few steps and fired again. Appellant then began to hit the gun against his hand as though it had jammed. Leach fled and Frakes called the police. Appellant walked down the street toward a tavern and left the gun in an alley. Later,

he was apprehended by police. Leach suffered gunshot wounds in both hands.

Appellant argues that the evidence is insufficient to support his conviction of attempted murder. He acknowledges that this Court may not reweigh the evidence or judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. However, he asserts that he had no intent to kill Leach, and he merely shot toward him to scare him away.

■ The intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or injury. *Scammahorn v. State* (1987), Ind., 506 N.E.2d 1097. We find the evidence is sufficient to support appellant's conviction.

Appellant argues that certain evidence was erroneously admitted at trial. Photographs of Frakes' ransacked apartment were admitted, and Frakes testified about the condition of her apartment. Appellant contends the photographs failed to establish any element or fact surrounding the shooting, and they were introduced to prejudice and inflame the passions of the jury.

■ Evidence of motive is relevant in the proof of a crime. *Webb v. State* (1983), Ind., 453 N.E.2d 180, *cert. denied* (1984), 465 U.S. 1081, 104 S.Ct. 1449, 79 L.Ed.2d 767. The admission of evidence having a tendency to create an inference of motive is within the discretion of the trial court. *Gibbs v. State* (1985), Ind., 483 N.E.2d 1365. We agree with the State's position that the evidence was properly admitted to show appellant's anger and jealousy of Leach which preceded the shooting.

Further, the evidence tended to complete the story of the crime, thus was admitted under the *res gestae* exception to the rule prohibiting evidence of a separate crime. *Taylor v. State* (1986), Ind., 496 N.E.2d 561. We find no reversible error.

Appellant argues the trial court committed reversible error by overruling his objection to the testimony of a police officer.

In Frakes' ransacked apartment, appellant dumped flour and sugar on the floor and flour footprints were tracked through her apartment. At trial, the shoes which appellant was wearing when he was arrested were admitted into evidence. Officer Coomer testified that the footprints found in Frakes' apartment were similar to the design on the bottom of appellant's shoes. Appellant asserts that no attempt was made to qualify Coomer as an expert and Coomer failed to base his conclusion on measurements or peculiarities of the footprints.

■ A lay witness may give his opinion as to the character of footprints, provided he bases his conclusion on measurements or peculiarities of the footprints. *McNary v. State* (1984), Ind., 460 N.E.2d 145.

■ Officer Coomer testified that the left shoe print bore the logo of the shoe brand, and the ridge counts and worn places on the shoes matched the prints. We find no error in the admission of his testimony.

Appellant contends the trial court erroneously denied his motion for mistrial. He believes he was denied a fair trial because on the second day of trial, one or possibly two jurors saw him in handcuffs while he was being transported from jail.

■ A ruling on a motion for mistrial is made within the trial court's discretion. The fact that a defendant has been seen by jurors while being transported in handcuffs is not a basis for reversal, absent a showing of actual harm. *Jenkins v. State* (1986), Ind., 492 N.E.2d 666.

Appellant has offered no evidence of actual harm. Jurors would reasonably expect that anyone in police custody would be restrained, regardless of the nature of the charge against the accused. *Malott v. State* (1985), Ind., 485 N.E.2d 879. We find no error in the denial of his motion for mistrial.

Appellant argues he was denied a fair trial because certain witnesses violated the separation of witnesses order.

Carol Chappell was inside the apartment building when she heard two gunshots. Through the window she saw appellant standing outside with a gun. Officer Goodwin investigated the shooting and arrested

appellant. Both Chappell and Goodwin were called as witnesses and both walked into the courtroom during Leach's testimony. Upon noticing their presence, appellant moved for a mistrial, or alternatively, requested that the witnesses not be allowed to testify. His motion was overruled.

The trial court has discretionary power to allow a witness to testify notwithstanding a violation of a witness separation order, unless appellant can show connivance or procurement on behalf of the State. This Court will not disturb the trial court's determination unless there is a showing of prejudice tantamount to an abuse of discretion. *Wardlaw v. State* (1985), Ind., 483 N.E.2d 454.

Considering that each of the witnesses testified about different facts surrounding the shooting and no evidence was presented to show connivance on behalf of the State, we find appellant has not established prejudice from the violation of the separation order. We find no abuse of discretion.

Appellant alleges the trial court erroneously granted the State's motion in limine. The motion prohibited the admission of evidence concerning a witness's prior acts of misconduct or prior arrests which had not been reduced to convictions of impeachable offenses.

At trial, appellant made an offer to prove that Leach was at that time being incarcerated on a charge of using a false name to obtain a prescription, and that his arm was broken by police during his arrest. The trial court sustained the motion in limine.

Appellant believes the evidence should have been permitted to show Leach's quarrelsome nature and that he had a reasonable basis for being apprehensive and afraid of Leach.

Generally, evidence to show that the victim has a reputation for being dangerous and violent is inadmissible. An exception to the rule occurs when the issue of self-defense exists. Before such testimony is relevant and admissible, however, there should be appreciable evidence of the victim's aggression substantiating the self-defense issue. *Begley v. State* (1981), 275 Ind. 235, 416 N.E.2d 824.

No evidence exists to support a theory of self-defense. We find no error in the exclusion of the evidence.

Appellant argues the trial court committed reversible error by overruling his objection to the introduction of a photograph during cross-examination. The photograph depicted a profile view of Frakes to show the injuries she sustained to her ear during an altercation with appellant a year before the shooting. Appellant asserts the photograph was irrelevant and was introduced solely to inflame the passions of the jury.

The trial judge is allowed to control the conduct of cross-examination, and we will find reversible error only where there is an abuse of discretion. *Jones v. State* (1986), Ind., 500 N.E.2d 1166.

On direct examination, appellant testified about his cohabitation with Frakes and stated that he helped pay the rent, he partially remodeled the apartment, he frequently took care of her children, and he was very surprised, shocked and hurt when he found Frakes in the living room watching television with Leach and a friend. In his discussion of their relationship, nothing was stated about their fights or violent episodes.

On cross-examination, appellant admitted that the relationship was stormy, and that they had some serious fights, some involving physical injury. At that point, the photograph was admitted.

The trial judge correctly concluded that appellant opened the door to questions concerning the nature of their relationship, and cross-examination on the subject was proper. *Vacendak v. State* (1982), Ind., 431 N.E.2d 100. We find no reversible error.

Appellant next argues the trial court committed reversible error by refusing his Tendered Instructions Nos. 6, 8, and 10.

Instruction No. 6 stated that the jury must find appellant not guilty unless they believe the evidence proves him guilty be-

yond a reasonable doubt, and that their verdict should not be based upon mere suspicion or conjecture. Appellant asserts this instruction was an accurate statement of the law and was not covered by another instruction given by the court.

■ The subject-matter of appellant's tendered instruction was thoroughly covered by Final Instructions Nos. 3 and 22 which were given to the jury. A tendered instruction is properly refused when its substance is covered by other instructions which were given. *Roland v. State* (1986), Ind., 501 N.E.2d 1034.

■ Appellant's Tendered Instruction No. 8 stated that a crime has two components, an evil intent plus an overt act, and the act alone is not a crime unless it is accompanied by an unlawful specific intent.

The jury was instructed that if the State failed to prove that appellant knowingly shot and wounded Leach, they should find him not guilty. They were also instructed as to the definition of "knowingly."

We find that appellant's tendered instruction was properly refused because its subject matter was covered by the instructions given. *Id.*

■ Appellant claims the trial court erred in refusing his Tendered Instruction No. 10. His instruction stated:

"Under an information for attempted murder, it is possible, if the evidence warrants, to find the Defendant guilty of attempted involuntary manslaughter, attempted reckless homicide, battery and criminal recklessness. Of the five (5) crimes named in this instruction, attempted murder is the greatest in magnitude and battery is the least in magnitude."

We agree with the State's position that, because there can be no crime of "attempted involuntary manslaughter" in Indiana, the instruction contained an incorrect statement of law and was properly refused. *Smith v. State* (1981) Ind., 422 N.E.2d 1179; *Hare v. State* (1984), Ind., 467 N.E.2d 7.

■ Appellant believes the trial court committed reversible error by giving Instructions Nos. 4 and 5.

Instruction No. 4 stated that flight immediately after the commission of a crime could be considered as evidence of consciousness of guilt. Appellant asserts the evidence is insufficient to support the instruction.

The evidence established that after the shooting, appellant had a one-minute conversation with Frakes and Dover, walked down the street to an alley and placed the gun in some weeds, then went to the 711 Tavern. When arrested a few blocks away from the tavern, appellant denied having been at Frakes' apartment, having a gun, and shooting Leach.

From these facts, the jury could reasonably interpret appellant's actions as flight in avoidance of prosecution. The instruction was properly given. *King v. State* (1984), Ind., 468 N.E.2d 226.

■ Appellant believes Instruction No. 5 contained an incorrect statement of law and was inapplicable to his case. The jury was instructed that the intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death.

Instruction No. 5 is a correct statement of law. *Scammahorn, supra.* The fact that appellant fired two bullets in Leach's direction and wounded him was evidence supporting the instruction. We find no error.

Appellant argues that the magnitude of all the errors which occurred at trial was so prejudicial that he was denied a fair trial. Because we have found no prejudicial error in appellant's trial, we cannot find impact. *Stonebraker v. State* (1987), Ind., 505 N.E. 2d 55.

Appellant argues that Ind.Code § 35–50–2–2 is unconstitutional. That statute states, in relevant part:

(b) With respect to the crimes listed in this subsection, the court may suspend only that part of the sentence that is in excess of the minimum sentence:

(1) The crime committed was a Class A or Class B felony and the person has a prior unrelated felony conviction.

Appellant was convicted in 1970 of theft over $100. For his attempted murder conviction, he received twenty (20) years, the minimum sentence for a Class A felony. Ind.Code §§ 35–41–5–1(a) and 35–50–2–4. Under Ind.Code § 35–50–2–2 the trial court could not suspend appellant's twenty (20) year sentence.

Appellant believes that Ind.Code § 35–50–2–2 is unconstitutional because it punishes an individual until death for his previous offenses. He asserts that because the statute does not allow an individual to reform and benefit from his reformation, it is founded on vindictive justice and amounts to cruel and unusual punishment.

Probation is merely a sentencing tool available to trial judges to use when and as they wish. There is no right to a suspended sentence. Therefore, no constitutional issue is presented when a defendant fails to receive consideration of probation regarding a sentence provided by the legislature. *Stroud v. State* (1988), Ind., 517 N.E.2d 780; *Maciejack v. State* (1980), 273 Ind. 408, 404 N.E.2d 7. We find no error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.