**Shawn Christopher BURTON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 71A03–9008–CR–00343.**

Court of Appeals of Indiana,
Third District.

Dec. 19, 1990.

Joseph F. Rubin, Mishawaka, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Shawn C. Burton appeals his conviction for burglary, a Class C felony, raising the sole issue of whether the trial court erred in admitting testimony of the investigating police officer indicating that footprints leading from the scene of the crime were made by Burton's shoes when the prints were not preserved by police by any means.

We affirm.

Burton acknowledges the presence of authority permitting lay testimony as to footprint comparisons provided the conclusion is based upon measurements or peculiarities of the footprints. *Halbig v. State* (1988), Ind., 525 N.E.2d 288, 291; *Hartlerode v. State* (1984), Ind., 470 N.E.2d 716, 717; *McNary v. State* (1984), Ind., 460 N.E.2d 145, 147. He argues, however, that such comparisons should not be permitted in absence of castings, sketches, or photographs which would allow the defendant to effectively cross-examine the witness on his comparison. He cites *Birkla v. State* (1975), 263 Ind. 37, 323 N.E.2d 645, *cert. den.* 423 U.S. 853, 96 S.Ct. 99, 46 L.Ed.2d 77, for the proposition that the prosecution has a duty to preserve evidence for the benefit of the defendant.

*Birkla* involved the destruction of evidence by the prosecution, which was not the case here. In this case, there was no evidence that any pictures or sketches were ever taken of the footprints in the snow; the prosecution merely offered the testimony of an investigating officer that the prints in the snow leading to Burton's house from the scene of the crime matched the distinctive pattern on the bottom of tennis shoes found in Burton's room. The shoes were introduced in evidence and defense counsel cross-examined the officer on the absence of photos or sketches of the prints. The lack of pictures or sketches went to the weight, not the admissibility of the footprint comparison. In fact, if photos or sketches of the footprints were introduced, lay opinion testimony would not be necessary, because the jury would have the opportunity to draw their own conclusions about the similarities between the prints and the shoes. We find no error in the

admission of the footprint comparison testimony.

Affirmed.

HOFFMAN, P.J., and MILLER, J., concur.