**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**KEVIN L. CURRY**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KEVIN L. CURRY, )<br><br>Appellant-Defendant, )<br><br>vs. )<br><br>STATE OF INDIANA, )<br><br>Appellee-Plaintiff. ) | No. 20A03-1312-PC-513 |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No. 20D02-1204-PC-35

**August 11, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Kevin Curry appeals the post-conviction court's partial denial of his petition for post-conviction relief. We affirm.

## Issue

Curry raises several issues, which we consolidate and restate as whether he was denied the effective assistance of trial counsel.

## Facts

Curry created, forged, and cashed checks by using other individuals to present the checks for cashing as purported payroll checks. In each instance, after cash was obtained, Curry split the sum with the presenter of each false check. On July 1, 2009, the State charged Curry with one count of Class C felony corrupt business influence and fifteen counts of Class C felony forgery. Curry v. State, No. 20A03-1008-CR-454, slip op. at 4 (Ind. Ct. App. May 31, 2011), trans. denied. Attorney Mark Manchak represented Curry from August 2009 until November 2009, when Curry elected to proceed pro se. Manchak served as standby counsel from November 23, 2009, through January 2010. On January 27, 2010, the State filed an amended information, adding a habitual offender count. Attorney James Stevens entered his appearance for Curry on February 19, 2010. On June 24, 2010, a jury found Curry guilty on Counts I through XVI and subsequently found him guilty on the habitual offender count.

On direct appeal, Curry raised several issues: (1) the denial of his motion for a directed verdict; (2) the sufficiency of the evidence; (3) the belated amendment of the charging information to include an habitual offender enhancement; and (4) the

2

appropriateness of his sentence. We remanded for clarification of his sentence but affirmed in all other respects. Our supreme court denied transfer.

In April 2012, Curry filed a petition for post-conviction relief, which he later amended. He raised three issues: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) prosecutorial misconduct. After a hearing, the post-conviction court denied Curry's petition except with respect to his ineffective assistance of appellate counsel argument regarding his habitual offender enhancement. The post-conviction court ordered a new trial regarding the habitual offender enhancement. Curry now appeals.[1]

## Analysis

Curry argues that the post-conviction court erred by partially denying his petition. A court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented in the petition. Pruitt v. State, 903 N.E.2d 899, 905 (Ind. 2009) (citing Ind. Post-conviction Rule 1(6)). "The findings must be supported by facts and the conclusions must be supported by the law." Id. Our review on appeal is limited to these findings and conclusions. Id. Because the petitioner bears the burden of proof in the post-conviction court, an unsuccessful petitioner appeals from a negative judgment. Id. (citing P-C.R. 1(5)). "A petitioner appealing from a negative judgment must show that the evidence as a whole 'leads unerringly and unmistakably to a conclusion opposite

---

[1] Curry has placed several documents in his Appendix that were excluded by the post-conviction court. Because those documents were excluded, we will not consider them in our review of Curry's arguments. See Herron v. State, 808 N.E.2d 172, 178 (Ind. Ct. App. 2004) (striking documents that were not part of the trial record), trans. denied.

to that reached by the trial court.'" Id. (quoting Allen v. State, 749 N.E.2d 1158, 1164 (Ind. 2001), cert. denied). Under this standard of review, "[we] will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." Id.

On appeal, Curry argues only that his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his or her counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), cert. denied. A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. French v. State, 778 N.E.2d 816, 824 (Ind. 2002). To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to satisfy either prong will cause the claim to fail. Grinstead v. State, 845 N.E.2d 1027, 1031 (Ind. 2006). Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. Id.

### A. Failure to Enforce Agreement

Curry argues that his trial counsel was ineffective for failing to enforce a purported agreement between Curry and the police. According to Curry, if he paid

4

restitution for two checks, the police agreed that no charges would be filed. The post-conviction court rejected Curry's argument and found:

> 7.    Petitioner alleges that with respect to two (2) checks that were passed at Martin's Supermarket, he paid restitution based on some "agreement" with Elkhart Police Department officers that criminal charges would not be filed against him. Petitioner states that this constituted a plea agreement between himself and the State requiring specific enforcement and vacation of conviction(s) arising from those checks being passed.

> 8.    Petitioner did not submit any documentary evidence of a plea agreement. The Court does not find the Petitioner's oral testimony as to the alleged plea agreement credible. At most, he persuades the Court that the State indicated to the victim that Curry could make direct restitution.

> 9.    Petitioner cites <u>Bowers v. State</u>, 500 N.E.2d 203 (Ind. 1986), in support of his argument regarding failure of the State to honor a plea agreement. However, this case is distinguishable, as Curry never had any agreement with the State DPA. With respect to "Plea Bargain Enforcement," Petitioner alleges no meritorious claim for which he is entitled to relief.

Order pp. 8-9.[2]

On appeal, Curry cites no evidence that the State promised not to prosecute him if the victims were repaid. Curry cites only the full transcript of his trial and Exhibits 7(b) and 7(e), which the post-conviction court excluded at the post-conviction hearing. Curry has simply failed to prove that such an agreement ever existed.

---

[2] The post-conviction court's order was included in Curry's Appellant's Brief, but it was not included in the Appendix.

Moreover, Curry cites no authority that the prosecutor would be bound by such an agreement between Curry and the police. "It is well-settled that the decision whether or not to prosecute lies within the prosecutor's discretion so long as the prosecutor has probable cause to believe that the accused has committed the offense." Bowers v. State, 500 N.E.2d 203, 204 (Ind. 1986). "The determination as to who shall be prosecuted and who shall not be prosecuted lies within the sole discretion of the prosecuting attorney." Lamotte v. State, 495 N.E.2d 729, 733 (Ind. 1986). Curry has failed to demonstrate that his trial counsel's performance was deficient because he did not attempt to enforce the purported agreement.

### B. Failure to Introduce Videos

Curry argues that his trial counsel was ineffective for failing to introduce certain videos into evidence at the trial. The post-conviction court found that Curry "failed to present any credible evidence in support of these claims." Order p. 9. The post-conviction court found that Curry failed to show that his attorney's performance was deficient or that he was prejudiced by the alleged performance.

On appeal, Curry argues that the "vital video recordings hold direct evidence of police misconduct and perjury statements that could have been introduced at trial as a means of impeachment." Appellant's Br. p. 12. Curry does not identify the video recordings at issue, although he later mentions a "failed opportunity" to impeach witnesses Kim Kie and Carla Thomas. Id. Curry simply failed to provide any evidence to support this claim. The video recordings were excluded at the post-conviction hearing,

6

and Curry makes no argument that those videos should have been admitted. Curry has failed to demonstrate that his trial counsel was ineffective with respect to those videos.

## C. Failure to Introduce Defense Witnesses

Curry argues that Attorney Stevens's performance during the trial was ineffective. The post-conviction court found that Curry "failed to present any credible evidence in support of these allegations." Order p. 9. On appeal, Curry argues that Stevens failed to call defense witnesses and investigate.[3] Curry points out that Stevens died a few months after the trial of cancer and implies that Stevens's health must have impaired his performance at the trial.

Curry presented no evidence that Stevens's health affected his performance at the trial. Curry's speculation is insufficient to establish his ineffective assistance of counsel claim. As for Stevens's failure to call witnesses, Curry identifies Rowena Gutierrez, Dannell Brown, Rachel Koontz, Tracy Curry, and Thurman Curry as witnesses that should have been called. Curry was required to demonstrate what those witnesses would have testified to and how he was prejudiced by the failure to call the witnesses. Of those, only Gutierrez testified at the post-conviction hearing. She testified only that she was a licensed practical nurse and had worked with cancer patients. There was no evidence

---

[3] Curry argues that Stevens was ineffective for failing to enforce the "contract agreement," failing "to introduce video recording evidence," and failing to "object and show prejudice to an untimely filed habitual." Appellant's Br. p. 14. We have addressed these arguments in the other issues. Curry also briefly argues that Stevens was ineffective for failing to give an opening statement. We note that "counsel's choices related to opening or closing argument . . . are strategic calls that will rarely support a Sixth Amendment violation." Woods v. State, 701 N.E.2d 1208, 1226 (Ind. 1998), cert. denied. Curry's argument fails.

presented concerning what those witnesses would have testified to at the trial.[4] Curry has failed to demonstrate that Stevens's performance was deficient due to his failure to call witnesses at the trial or that he was prejudiced by the alleged deficiency. The post-conviction court properly denied the petition for post-conviction relief on this issue.

### D. Improper Advice Regarding Plea Agreement

Curry argues that Attorney Manchak was ineffective because he gave Curry improper advice concerning sentencing that resulted in Curry rejecting a favorable plea agreement. Manchak represented Curry from August 2009 until November 2009, when Curry elected to proceed pro se. Manchak served as standby counsel from November 23, 2009, through January 2010. Manchak testified that he did not give Curry any legal advice regarding the plea offer because he was acting as standby counsel at that time.

"A defendant who proceeds pro se . . . must accept the burdens and hazards of self-representation." Carter v. State, 512 N.E.2d 158, 162 (Ind. 1987). "He may not assert a Sixth Amendment claim of ineffective assistance of counsel because he, in effect, would be alleging himself ineffective." Id. Additionally, he may not assert an ineffective assistance of counsel claim against a standby counsel. See id. at 163-64. Consequently, Curry's claim with respect to Manchak while Manchak was serving as standby counsel fails.

### E. Failure to Object to Timing of Habitual Offender Enhancement

---

[4] Curry attempted to enter some affidavits into evidence, but the post-conviction court excluded them. Curry makes no argument that the affidavits were improperly excluded.

Next, Curry argues that his trial counsel was ineffective for failing to object to the late filing of an habitual offender enhancement. At the time of Curry's trial, Indiana Code Section 35-34-1-5(e) provided:[5]

> An amendment of an indictment or information to include a habitual offender charge . . . must be made not later than ten (10) days after the omnibus date. However, upon a showing of good cause, the court may permit the filing of a habitual offender charge at any time before the commencement of the trial.

The omnibus date here was September 21, 2009, and the State filed the habitual offender enhancement on January 27, 2010. At that time, Curry was representing himself. Attorney Stevens entered his appearance for Curry on February 19, 2010.

Again, because Curry was representing himself at the time the belated habitual offender enhancement was filed, he cannot assert an ineffective assistance of counsel claim. See Carter, 512 N.E.2d at 162. To the extent that he argues that Stevens should have objected to the filing after Stevens filed his appearance, Curry makes no argument that such an objection would have been sustained. He appears to argue that plea negotiations were not occurring during that time, but we note that evidence was presented at the post-conviction hearing that plea negotiations were, in fact, happening during the time period leading up to the filing of the habitual offender enhancement. We have held that good cause may be shown for a delay in filing an habitual offender enhancement due to plea negotiations. See Johnican v. State, 804 N.E.2d 211, 215 (Ind. Ct. App. 2004).

---

[5] This statute was later amended by Pub. L. No. 24-2013, § 1 (eff. July 1, 2013) and Pub. L. No. 158-2013, § 389 (eff. July 1, 2014).

Curry has failed to demonstrate that an objection to the late filing of the habitual offender enhancement would have been sustained.

Moreover, in Curry's direct appeal, he argued that the trial court erred by allowing the belated filing of the habitual offender enhancement. We rejected Curry's argument and concluded that "Curry failed to establish that the amendment prejudiced him in the preparation and presentation of his defense." Curry, slip op. at 12. In his post-conviction appeal, Curry makes no argument that he was prejudiced by his trial counsel's failure to object to the belated filing. Given the holding on direct appeal of no prejudice from the belated amendment, Curry cannot show that he was prejudiced by his trial counsel's failure to challenge the belated amendment. Consequently, Curry's ineffective assistance of counsel claim on this issue fails.

### Conclusion

Curry's claims of ineffective assistance of counsel fail. The post-conviction court properly denied Curry's petition for post-conviction relief on these issues. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.